ROBERT LESLIE STOCKMEIER, APPELLANT/CROSS-RESPONDENT, *v.* THE STATE OF NEVADA, BOARD OF PAROLE COMMISSIONERS AND DIVISION OF PAROLE & PROBATION OF THE DEPARTMENT OF PUBLIC SAFETY; PAROLE CHAIRMAN DORLA M. SALLING; PAROLE COMMISSIONER TAMI BASS; PAROLE COMMISSIONER M. SILVA; PAROLE COMMISSIONER YOLANDA MORALES; DIVISION CHIEF OF PAROLE AND PROBATION JOHN A. GONSKA; AND DPS SGT. MAURY REICHELT, RESPONDENTS/CROSS-APPELLANTS.

No. 52099

May 19, 2011                                      255 P.3d 209

[Rehearing denied September 29, 2011]
[En banc reconsideration denied May 23, 2012]

*Robert Leslie Stockmeier*, Lovelock, in Proper Person.

*Catherine Cortez Masto*, Attorney General, and *Alicia L. Lerud*, Deputy Attorney General, Carson City, for Respondents/Cross-Appellants.

244

Before DOUGLAS, C.J., PICKERING and HARDESTY, JJ.

## OPINION

By the Court, HARDESTY, J.:

This proper person appeal and counsel cross-appeal arise from appellant's attempts to have certain factual statements in his presentence investigation report (PSI) amended to correct alleged factual inaccuracies. The primary question we are called on to decide is whether, under Nevada law, a prisoner may seek to amend his PSI after he has been sentenced. Because Nevada lacks a statutory or administrative process by which a prisoner may challenge alleged inaccuracies in his PSI post-sentencing, we conclude that any claimed inaccuracy in a PSI must be made to the district court at or before sentencing and, if not resolved in the defendant's favor, on direct appeal to this court after sentencing. Thus, in these appeals, neither respondent/cross-appellant Division of Parole and Probation nor the district court had the authority to amend appellant's PSI after he was sentenced, and respondent/cross-appellant Parole Board may properly rely on the PSI when it makes any future parole determinations concerning appellant.

### FACTUAL AND PROCEDURAL HISTORY

In 1990, appellant Robert Leslie Stockmeier pleaded guilty to two counts of sexually assaulting a nine-year-old boy. Neither

count alleged the threat or use of a weapon. Stockmeier's PSI, however, stated that the victim had reported that Stockmeier threatened him with a weapon during the course of the offense.[1] At his sentencing hearing, Stockmeier objected to this statement, as well as other factual allegations in the PSI, including a statement regarding an advertisement found in a search of Stockmeier's home during the criminal investigation. The sentencing court noted Stockmeier's objections to the PSI, but did not rule on them. The court sentenced Stockmeier to two consecutive life sentences, and he did not file a direct appeal. Instead, Stockmeier filed two post-conviction petitions, neither of which challenged the weapon allegation or the statement about the advertisement.

Ten years later, in 2000, after being denied parole eligibility by the Psychological Review Panel, Stockmeier filed a district court action raising, for the first time since his sentencing hearing, his objections to the PSI's factual statements regarding the weapon allegation and the advertisement. The district court denied the petition, concluding that it lacked jurisdiction to amend the PSI based on an untimely post-conviction petition.

Stockmeier then requested that respondent Division of Parole and Probation of the Department of Public Safety amend his PSI, but the Division ultimately denied his request as well. Thereafter, Stockmeier attempted to present evidence to respondent Board of Parole Commissioners that contradicted the statements in the PSI. The Parole Board stated that its policy was not to consider challenges to a PSI and that, despite Stockmeier's assertions, it would nonetheless rely on the PSI in making any parole determinations.

Between 2003 and 2006, Stockmeier successfully litigated an action against the Psychological Review Panel on claims unrelated to his PSI. He was again eligible for parole in 2006, when the Parole Board, for the first time, found that his offense had involved a weapon and considered the involvement of the weapon in evaluating whether he would receive parole. The Parole Board denied Stockmeier parole based on the nature and severity of his crimes and public safety concerns.

Following the 2006 parole denial, Stockmeier filed the instant action in the district court, asserting (1) a tort claim against the Division for declining to amend his PSI, (2) a tort claim against the Parole Board for knowingly relying on the PSI after he presented evidence that it contained incorrect factual statements, and (3) a retaliation claim against the Parole Board for denying him parole in

---

[1]The PSI apparently stated that the victim's seven-year-old brother made the statement regarding the weapon, but Stockmeier and the State agreed in the district court that the PSI was supposed to refer to the victim, instead of his brother.

2006 based on his successful litigation against the Psychological Review Panel. Respondents moved for dismissal; Stockmeier opposed the motion.

At a hearing on the motion to dismiss, the district court stated that it believed that any inaccuracies in the PSI needed to be corrected. Respondents asserted that the Division generally will not change a PSI once a defendant has been sentenced. Nevertheless, respondents agreed that if the PSI was inaccurate, it should be corrected. Respondents further indicated that they would be open to meeting with Stockmeier to discuss possible amendments if the court ordered them to do so. Thereafter, the district court ordered the parties to confer as to whether any of the factual statements in the PSI should be amended. The parties met and agreed, among other things, that the statement regarding the advertisement found in a search of Stockmeier's home was misleading, but they could not agree on wording for an amendment.

During a subsequent hearing on the matter, the district court stated that it would order the PSI to read that the search revealed "a multiple page advertisement depicting family nudism." Stockmeier agreed to the district court's wording. No agreement on the weapon allegation was reached, as respondents contended that the statement was accurate. The district court considered evidence on the issue and declined to amend the statement as to the weapon allegation. The court also ordered additional amendments as agreed upon by the parties. The court then treated the motion for dismissal as one for summary judgment and granted respondents summary judgment on all of Stockmeier's claims. This appeal and cross-appeal followed.

## DISCUSSION

*Standard of review*

When a district court considers matters outside the pleadings in support of an NRCP 12(b)(5) motion, this court reviews the district court's order dismissing the complaint as if it had granted summary judgment. NRCP 12(b). We review a district court's summary judgment de novo. *Stalk v. Mushkin*, 125 Nev. 21, 24, 199 P.3d 838, 840 (2009). Summary judgment must be granted when the pleadings and record evidence, viewed in the light most favorable to the nonmoving party, demonstrate that there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. *Witherow v. State, Bd. of Parole Comm'rs*, 123 Nev. 305, 308, 167 P.3d 408, 409 (2007). Conjecture and speculation do not create an issue of fact. *Wood v. Safeway, Inc.*, 121 Nev. 724, 732, 121 P.3d 1026, 1031 (2005).

*Summary judgment in favor of the Division of Parole and Probation*

On appeal, Stockmeier contends that summary judgment in favor of the Division of Parole and Probation was improper because the Division had a duty to correct his PSI. Stockmeier does not identify any express authority that permits the Division to amend a prisoner's PSI after sentencing, yet he insists that the Division has inherent authority to correct its own mistakes and an implied power to amend a prisoner's PSI at any time. These contentions are not supported by Nevada law.

An administrative agency's powers are generally limited to the powers set forth by statute, although "certain powers may be implied even though they were not expressly granted by statute, when those powers are necessary to the agency's performance of its enumerated duties." *City of Henderson v. Kilgore*, 122 Nev. 331, 334, 131 P.3d 11, 13 (2006). In other words, for implied authority to exist, the implicitly authorized act must be essential to carrying out an express duty. *Id.* at 335, 131 P.3d at 14. Thus, in order to determine whether the Division had express or implied authority to amend Stockmeier's PSI, it is necessary to review the relevant statutes.

The Division of Parole and Probation is mandated by statute to prepare a PSI to be used at sentencing for any defendant who pleads guilty to or is found guilty of a felony. NRS 176.135(1). A PSI contains information about the defendant's prior criminal record, the circumstances affecting the defendant's behavior and the offense, and the impact of the offense on the victim. NRS 176.145(1). Because the sentencing court will rely on a defendant's PSI, the PSI must not include information based on "impalpable or highly suspect evidence." *Goodson v. State*, 98 Nev. 493, 495-96, 654 P.2d 1006, 1007 (1982). To that end, after preparing a PSI, the Division must disclose the report's factual content to the prosecuting attorney, defense counsel, and the defendant, and give the parties the opportunity to object to any of the PSI's factual allegations.[2] NRS 176.156(1); *see also Shields v. State*, 97 Nev. 472, 472-73, 634 P.2d 468, 468-69 (1981) (reversing and remanding a defendant's sentence because he

---

[2]At the time that Stockmeier was sentenced, NRS 176.156 required the court, rather than the Division, to disclose the content of the PSI to the relevant parties and give them the opportunity to object. 1985 Nev. Stat., ch. 69, § 3, at 149. Because the earlier statutes provided the Division with fewer duties than the current statutes, this change does not affect our analysis in this appeal.

was not provided with police reports that were included in the PSI and were material to the district court's sentencing decision). Once a defendant is sentenced, the Division has no further statutory duties with regard to the defendant's PSI. *See generally* NRS 176.133-.159; NRS 213.1071-.1078; NRS 213.1092-.10988.

Apart from the duties identified in the statute set out above, the Division does not have any statutory duties with regard to a prisoner's PSI. Thus, the Division has no express statutory authority to amend a prisoner's PSI after sentencing. *See* NRS 176.133-.159; NRS 213.1071-.1078; NRS 213.1092-.10988. And because the Division does not have any express post-sentencing duties related to a prisoner's PSI, the Division does not have any implied authority to amend a prisoner's PSI once he has been sentenced. *See City of Henderson*, 122 Nev. at 335, 131 P.3d at 14. Given that the Division had no authority to amend Stockmeier's PSI, it could not have been liable in tort for declining to do so, and thus, the district court properly granted summary judgment to the Division on Stockmeier's tort claim.[3]

*Amendments ordered by the district court*

The district court directed respondents to discuss possible PSI corrections with Stockmeier. Subsequently, based on the parties' agreement, the district court ordered certain amendments to the PSI. On cross-appeal, respondents contend that the district court lacked authority to order such amendments. We agree. The district court's final statutory duty with regard to a defendant's PSI is to cause a copy of the report to be transmitted to the Director of the Department of Corrections once the defendant is sentenced, NRS 176.159(1), and, as with the Division, nothing in Nevada law gives the district court express, implied, or inherent authority to amend a prisoner's PSI post-sentencing.[4] *See generally* NRS 176.133-.159; NRS 213.1071-.1078; NRS 213.1092-.10988.

Because Nevada law does not provide any administrative or judicial scheme for amending a PSI after the defendant is sentenced,

---

[3]Additionally, based on our de novo review of the record, we conclude that Stockmeier made statements at a district court hearing waiving any monetary damages claims.

[4]The statutes in effect at the time of Stockmeier's sentencing did not address transmission of the PSI to the Department of Corrections. Instead, NRS 176.107 directed the district attorney who prosecuted the case to transmit a "written statement of facts surrounding the commission of the offense" to the Department. 1977 Nev. Stat., ch. 430, § 66, at 859. Again, this difference does not change our analysis because, even under the earlier laws, no authority existed for the district court to amend a defendant's PSI post-sentencing.

it is imperative that a defendant contest his PSI at the time of sentencing if he believes that his PSI contains inaccuracies. We recognize that the process by which the district court must resolve objections to a PSI is not entirely clear. Apart from requiring the Division to give the defendant an opportunity to object to his PSI, NRS 176.156(1), the Nevada statutes are silent as to the process to be followed by either the Division or the district court for allowing the defendant to make such objections, or for resolving the objections, and communicating the resolution to interested parties.[5]

In the absence of any post-sentencing authority of either the Division or the district court to address alleged inaccuracies in a PSI, any objections must be resolved prior to sentencing, and, if not resolved in the defendant's favor, the objections must be raised on direct appeal. We emphasize that even if disputed factual statements do not affect a defendant's sentence, any significant inaccuracy could follow a defendant into the prison system and be used to determine his classification, placement in certain programs, and eligibility for parole, and thus, the defendant must promptly seek to correct any alleged inaccuracies to prevent the Department of Corrections from relying on a PSI that could not later be changed.[6] *See* NRS 176.159(1); *see also United States Dept. of Justice v. Julian,*

---

[5]The federal system, as well as other states, provides detailed procedures for addressing any objections to a defendant's PSI. *See* Fed. R. Crim. P. 32 (setting forth the federal procedure giving a defendant time before sentencing to object to his PSI and requiring the federal district court to make express findings regarding disputed portions of the PSI); *People v. Waclawski*, 780 N.W.2d 321, 357 (Mich. Ct. App. 2009) (discussing the Michigan scheme for resolving challenges to a PSI); *State v. Waterfield*, 248 P.3d 57, 59 (Utah Ct. App. 2011) (noting the Utah sentencing courts' statutory duty to consider a party's objections to a PSI and make findings on the record as to the accuracy and relevancy of the disputed information); *State v. Craft*, 490 S.E.2d 315, 319 (W. Va. 1997) (explaining that West Virginia's criminal procedure rules require a district court to make a finding as to PSI disputes or expressly determine that no such finding is necessary).

[6]While this court generally will not grant relief to a defendant with regard to an alleged factual inaccuracy in the PSI that did not affect the defendant's sentence, *cf. Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 489 (2009) (explaining that this court generally will only interfere with a defendant's sentence if the record reveals prejudice based on the district court's consideration of information supported by impalpable or highly suspect evidence), we recognize that some inaccuracies may be so harmful that, even if they do not actually affect the defendant's sentence, they still may be materially prejudicial because of their potential effect on the defendant's prison classification or parole eligibility. Nevertheless, we do not address the question of whether the alleged inaccuracies in Stockmeier's PSI reached the level of being materially prejudicial. Such a consideration may have been proper on direct appeal from Stockmeier's sentence, but Stockmeier did not appeal from his sentence, and, as discussed herein, alleged PSI inaccuracies are not appropriately considered in a post-sentencing civil action.

486 U.S. 1, 5-6 (1988) (noting that PSIs are used for determining status of an inmate, choosing treatment programs, deciding eligibility for privileges, and making parole decisions). Additionally, to allow a defendant to wait and challenge a PSI in a later action would open courts to a flood of litigation from prisoners seeking amendments to their PSIs long after being sentenced. Limiting such actions is important because the passage of time erodes the reliability of factual determinations, as evidence can become stale and witnesses may become unavailable.

Here, Stockmeier took advantage of the opportunity to object to his PSI at sentencing. When the district court did not address the objections, however, Stockmeier failed to seek a ruling from the district court as to the disputed issues, and he failed to raise these issues on direct appeal in order to give this court an opportunity to address the allegations. Therefore, Stockmeier waived his opportunity to have the alleged inaccuracies addressed. Because the district court did not have any post-sentencing authority to order the amendments to Stockmeier's PSI, we reverse the portion of the district court's judgment ordering such amendments.[7]

*Summary judgment in favor of the Parole Board*

    *Tort claim*

Stockmeier asserts that the Division's refusal to amend his PSI has caused him to be subjected to greater punishment by the Parole Board because of the allegedly false information contained in the PSI. In his district court complaint, Stockmeier alleged that he informed the Parole Board that his PSI contained factual inaccuracies and asked the Board to correct them, but the Board declined to do so. He further stated that he appealed the 2006 denial of parole, attaching evidence that he contended supported his claims that the PSI was inaccurate, but the Parole Board ignored his evidence and

---

[7]Because the district court lacked authority to make additional changes to the PSI, we do not reach Stockmeier's arguments that the district court violated his due process rights or otherwise erred by using a confidential Navy report to decide whether to order the changes.

On appeal, Stockmeier argues, and respondents agree, that the district court improperly included in its order irrelevant information taken from the confidential Navy report. On pages six and seven of the district court's order, the court included information from the confidential report that was not included elsewhere in the record and was immaterial to the instant proceedings. We agree that this information should not have been included in the order. Accordingly, we reverse this portion of the judgment to the extent that it included this information, and we remand the matter to the district court with instructions that the court strike the first and third paragraphs of the section of its judgment entitled ''Allegations of Other Abuse.''

relied on the PSI in making its determination. Thus, Stockmeier asserted that the Parole Board knowingly relied on false information in violation of NRS Chapter 213, the Board's operating policies, and the common law. Stockmeier asked the district court for injunctive and declaratory relief prohibiting the Parole Board from relying on the allegedly false information in his PSI.

The Parole Board is required to adopt standards for determining whether to grant or deny parole. NRS 213.10885(1). Parole is an act of grace, however, and no one has a right to parole. NRS 213.10705; NRS 213.1099(1); *see also Severance v. Armstrong*, 96 Nev. 836, 839, 620 P.2d 369, 370 (1980) (recognizing that Nevada statutes "do[ ] not confer a legitimate expectation of parole release and therefore do[ ] not create a constitutionally cognizable liberty interest sufficient to invoke due process"). In considering a prisoner's eligibility for parole, the Parole Board may consider the prisoner's PSI and evidence submitted by the prisoner, but nothing in the Nevada Statutes gives the Parole Board the power to amend a prisoner's PSI or requires the Parole Board to consider evidence presented by a prisoner regarding the accuracy of his PSI. *See generally* NRS 213.108-.1089; NRS 213.1099-.142.

Stockmeier had the opportunity, at sentencing and on direct appeal, to challenge the alleged inaccuracies in his PSI, but he failed to pursue his objections then. Moreover, as discussed above, no entity had post-sentencing authority to amend Stockmeier's PSI, and thus, the Parole Board is entitled to rely on the original PSI. As a result, we affirm the district court's summary judgment to the Parole Board on Stockmeier's tort claim.

*Retaliation claim*

Finally, Stockmeier argues that because absolute immunity is not a bar to declaratory or injunctive relief, the district court improperly granted summary judgment to the Parole Board on his retaliation claim based on absolute immunity. Respondents acknowledge that absolute immunity does not bar declaratory or injunctive relief, but they argue that Stockmeier was not entitled to either, and thus, summary judgment was proper.

As acknowledged by the parties, the Parole Board enjoyed quasi-judicial immunity for its decision to deny Stockmeier parole. *See Witherow v. State, Bd. of Parole Comm'rs*, 123 Nev. 305, 312, 167 P.3d 408, 412 (2007); *State of Nevada v. Dist. Ct. (Ducharm)*, 118 Nev. 609, 616, 55 P.3d 420, 424 (2002). While such immunity did not preclude declaratory or injunctive relief, *see Bauer v. Texas*,

341 F.3d 352, 357 (5th Cir. 2003), Stockmeier still had to satisfy the summary judgment standard in order to move forward on his retaliation claim.

To state a claim for retaliation in the prison context, an inmate must assert that a state actor has taken adverse action that chilled the inmate's protected exercise of his First Amendment rights without reasonably advancing a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). If an inmate does not allege "a chilling effect," his claim may survive if he establishes that he has suffered harm. *Id.* at 567 n.11.

Here, the record evidence showed that Stockmeier was denied parole based on allegations in the PSI and the seriousness of his crime. In response to this evidence, Stockmeier argued that the Parole Board first found that the offense involved a weapon only after his successful litigation against the Psychological Review Panel. He further asserted that one of the Parole Board members mentioned the litigation during his parole hearing. Stockmeier's arguments, however, only amounted to conjecture and speculation. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 732, 121 P.3d 1026, 1031 (2005) (stating that conjecture and speculation will not defeat a motion for summary judgment). Stockmeier did not present any evidence establishing a genuine issue of material fact as to whether the Parole Board denied him parole based on his exercise of his right to litigate his claims, and thus, the Parole Board was entitled to judgment as a matter of law on the retaliation claim. *See Rhodes*, 408 F.3d at 567-68; *Wood*, 121 Nev. at 732, 121 P.3d at 1031. Thus, we also affirm the district court's summary judgment in favor of the Parole Board on appellant's retaliation claim.

For the reasons discussed herein, we affirm in part and reverse in part the district court's judgment and remand the matter to the district court for further proceedings consistent with this opinion.

DOUGLAS, C.J., and PICKERING, J., concur.