An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MAYA I-215, LLC, A NEVADA
LIMITED LIABILITY COMPANY AND
SCREAMING EAGLE, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellants,
vs.
BARRY R. MOORE, INDIVIDUALLY
AND AS CO-TRUSTEE OF THE BAMM
LIVING TRUST DATED JULY 19, 2003;
JANIE MOORE AS CO-TRUSTEE OF
THE BAMM LIVING TRUST DATED
JULY 19, 2003; AND DIVERSIFIED
REALTY & MANAGEMENT
COMPANY, INC., A NEVADA
CORPORATION,
Respondents.

No. 60095

**FILED**

JUL 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order dismissing a complaint in a limited liability company member dispute. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Maya I-215, LLC is managed by appellant Screaming Eagle, LLC. In the underlying litigation, Maya and Screaming Eagle filed a complaint alleging that Screaming Eagle's managers, respondent Barry R. Moore and William Gayler, received unauthorized fees to the detriment of Maya's members. Maya and Screaming Eagle appeal the district court's order dismissing their complaint based on their contention that Screaming Eagle, as Maya's manager, was authorized to initiate the underlying litigation. We agree and reverse the district court's

order of dismissal. They also question whether Pengilly Robbins Slater Bell's representation of Maya violates the Nevada Rules of Professional Conduct. We remand this issue for further consideration by the district court.

## I.

Maya and Screaming Eagle argue that the district court erred by using the interestedness test that this court articulated in *In re AMERCO Derivative Litig.*, 127 Nev. ___, 252 P.3d 681 (2011), when it counted member votes regarding whether or not to initiate the underlying litigation. Moreover, they maintain that the vote was unnecessary because the district court misinterpreted Maya's operating agreement when it held that a majority of Maya's members may override a manager's decision to institute litigation.

A motion to dismiss under NRCP 12(b)(5) "is subject to a rigorous standard of review on appeal." *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (quotation omitted). Where, as here, the district court considers documents outside the pleadings, this court considers the order of dismissal as an order granting summary judgment. *Lumbermen's Underwriting Alliance v. RCR Plumbing, Inc.*, 114 Nev. 1231, 1234, 969 P.2d 301, 303 (1998). Summary judgment is appropriate when pleadings and evidence demonstrate that no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

The district court misread *AMERCO*. *AMERCO* involved the interestedness of *corporate officers* in *declining* to institute litigation, 127 Nev. at ___, 252 P.3d at 698. *AMERCO* allowed the company's shareholders to proceed with a derivative action because any demand on

the company's officers would have been futile. Here, the district court considered the opposite—the interestedness of a limited liability company's *members* in *authorizing* or discontinuing litigation initiated by the company's *manager*—and so the *AMERCO* interestedness test does not apply.

The member vote is irrelevant if the company's operating agreement vests authority to make the decision in the manager. Courts routinely use contract principles when interpreting operating agreements. 1 Larry E. Ribstein and Robert R. Keatinge, *Ribstein and Keatinge on Limited Liability Companies*, § 4:16 (updated 2012). If a contract is clear and unambiguous, there is no room for interpretation and the court enforces the contract as written. *Kaldi v. Farmer's Ins. Exch.*, 117 Nev. 273, 278-79, 21 P.3d 16, 20 (2001).

Here, the operating agreement is unambiguous. Section 6.1 of Maya's operating agreement establishes that Maya is a manager-managed LLC, and under section 6.4, Maya's manager is authorized "to do *all* things necessary or convenient" to carrying out the company's business, including the "institution, prosecution and defense of any proceeding in the Company's name." (Emphasis added). This provision does not require the members' consent. By comparison, section 5.10 lists decisions that the manager cannot make without consent. The end of section 5.10 then reiterates that the authority to act on behalf of Maya, "except for the matters set forth above or otherwise reserved to the Members . . . *shall* be vested in the Manager." (Emphasis added). Together, sections 5.10 and 6.4 mandate that Maya's manager has authority to act to carry out the company's business, subject to few limitations. And while Maya's members have some reserved powers, such as those listed in sections 5.10

and 5.12, nothing in the operating agreement allows members to override a manager's business decisions, including the decision to institute a lawsuit. Accordingly, the district court erred by dismissing the lawsuit on the basis of the members' votes because Screaming Eagle is authorized to act on the company's behalf until other corporate measures are taken. [1]

## II.

In his answering brief, Moore argues that Pengilly Robbins Slater Bell's representation of Maya creates a conflict of interest because the firm previously represented manager Gayler in a related case. [2] This court is not in a position to address this issue because the district court has yet to do so and it appears fact-bound. But we agree that the issue of professional ethics is one that merits review by the district court, as part of its supervisory power over the lawyers who appear before it. *Brown v. Eighth Judicial Dist. Court*, 116 Nev. 1200, 1205, 14 P.3d 1266, 1269 (2000) ("District courts are responsible for controlling the conduct of attorneys practicing before them, and have broad discretion in determining whether disqualification is required in a particular case.").

We therefore remand this issue to the district court with instructions to consider whether Pengilly Robbins Slater Bell's

---

[1]For example, Maya's members may have the option of removing the manager under section 5.10.1 of the operating agreement.

[2]Moore also argues that Pengilly Robbins Slater Bell cannot represent Maya because the Maya members voted to terminate the company's relationship with counsel. Given that Screaming Eagle may institute legal proceedings, it has the authority to retain legal counsel of its choosing. Accordingly, this argument lacks merit.

representation of Maya violates the Nevada Rule of Professional Conduct and for such further proceedings as are appropriate in light of this order.

Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Lansford W. Levitt, Settlement Judge
Pengilly Robbins Slater
Marquis Aurbach Coffing
Eighth District Court Clerk