130 Nev., Advance Opinion 6

# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD PRECIADO, A/K/A EDWARD
A. PRECIADO-NUNO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58000

**FILED**

FEB 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of voluntary manslaughter with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge.

*Affirmed.*

Law Office of Lisa Rasmussen and Lisa A. Rasmussen, Las Vegas, for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Steven S. Owens, Chief Deputy District Attorney, Clark County, for Respondent.

BEFORE GIBBONS, C.J., DOUGLAS and SAITTA, JJ.

## OPINION

By the Court, DOUGLAS, J.:

We take this opportunity to stress that bench and in-chambers conferences should be memorialized either contemporaneously or by allowing counsel to make a record afterward; and that a prospective juror

14-04710

who is anything less than unequivocal about his or her impartiality should be excused for cause.

Appellant Edward Preciado engaged in a physical altercation with Kim Long. During the altercation, Preciado repeatedly struck Long in the head with a hammer, killing her. Preciado claimed self-defense, but a jury convicted Preciado of voluntary manslaughter with the use of a deadly weapon. The district court sentenced Preciado to the maximum of 4 to 10 years in prison, with a consecutive 4 to 10 years for the weapon enhancement.

On appeal, Preciado raises eight issues for this court's review: (1) whether the district court's failure to record numerous bench and in-chambers conferences was a constitutional violation; (2) whether the district court erred in declining to give Preciado's jury questionnaire and denying his challenges for cause; (3) whether the State committed prosecutorial misconduct; (4) whether the State mishandled critical evidence; (5) whether the district court erred in limiting Preciado's examination of three witnesses; (6) whether the trial judge improperly sentenced Preciado; (7) whether the trial judge was biased against the defense; and (8) whether cumulative error requires a new trial.[1]

After full consideration, we determine that only two of Preciado's issues have some merit: that the district court erred in failing to record numerous bench and in-chambers conferences and in failing to

---

[1]Preciado also asks this court to review alleged errors in his presentence investigation report, but we decline to do so because he failed to object to any perceived inaccuracies in the report at the time of his sentencing, thereby waiving the argument on appeal. *See* NRS 176.156(1); *Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. ___, ___, 255 P.3d 209, 214 (2011).

excuse for cause a prospective juror who was equivocal about her impartiality. However, these errors were harmless; thus, we affirm Preciado's judgment of conviction.

*Unrecorded bench conferences and in-chambers discussions*

The district court conducted numerous unrecorded bench and in-chambers conferences during Preciado's trial. The court memorialized some of the conferences, but not all. The court also denied Preciado's motion to settle the trial record and reconstruct the unrecorded conferences. Preciado argues that the court's failure to make a record of all of the conferences effectively denied him his right to appeal.

Meaningful appellate review is inextricably linked to the availability of an accurate record of the lower court proceedings regarding the issues on appeal; therefore, a defendant is entitled to have the most accurate record of his or her district court proceedings possible. *See Daniel v. State*, 119 Nev. 498, 507-08, 78 P.3d 890, 897 (2003). In *Daniel*, we determined that SCR 250(5)(a) and due process require a district court to record all sidebar proceedings in a capital case either contemporaneously with the matter's resolution, or the sidebar's contents must be placed on the record at the next break in trial. *Id.*

Due process requires us to extend our reasoning in *Daniel* to defendants in noncapital cases, because regardless of the type of case, it is crucial for a district court to memorialize all bench conferences, either contemporaneously or by allowing the attorneys to make a record afterward.

Here, the district erred by failing to make a record of the unrecorded conferences, but this misstep does not warrant reversal. A district court's failure to make a record of an unrecorded sidebar warrants reversal only if the appellant shows that the record's missing portions are

so significant that their absence precludes this court from conducting a meaningful review of the alleged errors that the appellant identified and the prejudicial effect of any error. *Id.* at 508, 78 P.3d at 897. Preciado did not demonstrate that the district court's failure to record all conferences prejudiced his appeal. The district court record is sufficient to allow this court to adequately consider all issues that Preciado preserved for appeal. Thus, the unrecorded conferences did not prejudice Preciado, and reversal is not warranted.

*Challenges for cause*

During the jury selection process, Preciado asserted challenges for cause against prospective jurors #304, #318, and #496, in an attempt to exclude the jurors from the jury pool. Preciado asserted that: (1) prospective juror #304's statement that graphic photos would make her think Preciado was a little bit guilty demonstrated that she could not be impartial when reviewing the evidence and rendering a verdict, (2) the district court should have excluded prospective juror #318 because he knew two of the State's witnesses, and (3) prospective juror #496's relationship with a Las Vegas police officer effectively prohibited her from being objective when evaluating the evidence.

The district court denied all of Preciado's challenges for cause after each of the three prospective jurors stated that he or she could be impartial. The court determined that the jurors' statements alleviated any doubt as to their impartiality. In response, Preciado used peremptory challenges to eliminate prospective jurors #304 and #496, but he did not have any remaining peremptory challenges to eliminate prospective juror #318, who sat on the empaneled jury.

A prospective juror should be removed for cause only if the "prospective juror's views 'would prevent or substantially impair the

performance of his duties as a juror in accordance with his instructions and his oath.'" *Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005) (quoting *Leonard v. State*, 117 Nev. 53, 65, 17 P.3d 397, 405 (2001)). "If the jury actually seated is impartial, the fact that a defendant had to use a peremptory challenge to achieve that result does not mean that the defendant was denied his right to an impartial jury." *Blake v. State*, 121 Nev. 779, 796, 121 P.3d 567, 578 (2005). A district court's erroneous denial of a challenge for cause is reversible error only if it results in an unfair empaneled jury. *See id.* The district court has broad discretion in ruling on challenges for cause. *Id.* at 795, 119 P.3d at 577.

The district court did not abuse its discretion in denying Preciado's challenges for cause against prospective jurors #318 and #496, but the court did abuse its discretion in denying Preciado's challenge against prospective juror #304. Prospective jurors #318 and #496 unequivocally stated that they could be impartial when examining the evidence and rendering a verdict; thus, they were suitable jurors. But, while prospective juror #304 stated that she could be impartial, she was equivocal. Prospective juror #304's statement that a graphic photo would make her believe the defendant was guilty (without proof that the defendant caused the damage depicted in the photo) cast doubt on her impartiality. Therefore, the court should have granted Preciado's challenge for cause against prospective juror #304. However, the court's error was harmless and does not require reversal because prospective juror #304 was not on the empaneled jury

and her preconceptions did not infect the jury panel. Further, though Preciado did not have a peremptory challenge left to remove juror #318, we conclude that juror #318 demonstrated the ability to set aside any preconceived prejudices. Therefore, juror #318's presence on the empaneled jury did not prejudice Preciado. Consequently, this issue is not grounds for reversal.

Accordingly, we affirm Preciado's conviction.

_____, J.
Douglas

We concur:

_____, C.J.
Gibbons

_____, J.
Saitta