An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOHN PAULSEN, INDIVIDUALLY; AND DUAL COOPER, INDIVIDUALLY, Appellants, vs. SMC CONSTRUCTION CO. INC., A NEVADA CORPORATION; RICHARD SCHALLER, INDIVIDUALLY; SCHALLER DEVELOPMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY; DON SMIT, INDIVIDUALLY AND D/B/A PROJECT ONE; MBA RENO-RANDEN L. BROWN LTD., A NEVADA PROFESSIONAL CORPORATION D/B/A MBA ARCHITECTURE AND INTERIOR DESIGN; AND RICHARD SCHALLER AND DON SMIT, TRUSTEES OF DAYTON DEVELOPMENT PARTNERS, LLC, A DISSOLVED NEVADA LIMITED LIABILITY COMPANY, Respondents. | No. 59181 |

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

| | |
|---|---|
| JOHN PAULSEN, INDIVIDUALLY; AND DUAL COOPER, INDIVIDUALLY, Appellants, vs. SMC CONSTRUCTION CO. INC., A NEVADA CORPORATION; RICHARD SCHALLER, INDIVIDUALLY; SCHALLER DEVELOPMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY; DON SMIT, INDIVIDUALLY AND D/B/A PROJECT ONE; MBA RENO-RANDEN L. BROWN LTD., A NEVADA PROFESSIONAL CORPORATION D/B/A MBA ARCHITECTURE AND INTERIOR DESIGN; AND RICHARD SCHALLER AND DON SMIT, TRUSTEES OF DAYTON DEVELOPMENT PARTNERS, LLC, A DISSOLVED NEVADA LIMITED LIABILITY COMPANY, Respondents. | No. 60564 |

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30564

## ORDER AFFIRMING IN PART,
## REVERSING IN PART AND REMANDING

These are consolidated appeals from a default judgment in a contract action and a post-judgment order denying a motion to set aside that judgment. Third Judicial District Court, Lyon County; Department One.

This matter arises from an action respondents filed against various parties, including appellants.[1] In conjunction with the second withdrawal of their counsel, the district court warned appellants of the possibility that it would strike their answer and counterclaims and enter default against them if they did not comply with certain requirements imposed by the court, and the court later directed them to show cause why their answer should not be struck. When appellants failed to respond to these orders, the district court struck the answer and counterclaims and entered their default. Appellants later moved to set aside the default, but that motion was denied. The district court then held a prove-up hearing, determined that appellants did not have standing to participate in that hearing, and entered a default judgment in respondents' favor. Appellants' motions to recuse the district court judge and set aside that judgment were later denied. Appellants now challenge these determinations on appeal.

Appellants initially challenge the district court's refusal to set aside the default, arguing that they did not act in bad faith, that any delay was excusable, and that there were no discovery violations. NRCP 55 authorizes the entry of judgment by default as a sanction when a party

---

[1]The appeal filed by Rotate Black, LLC and Rotate Black, Inc., was dismissed without prejudice, following their bankruptcy filing.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

fails to defend a lawsuit against them. *See Landreth v. Malik*, 127 Nev. ___, ___, 251 P.3d 163, 171-72 (2011). This court reviews a district court's refusal to set aside a default under NRCP 55 for an abuse of discretion. *Id.* at ___, 251 P.3d at 171. Here, appellants repeatedly failed to appear at hearings, to timely respond to pleadings or motions, or to heed the district court's directives. We therefore affirm the refusal to set aside this default as a proper exercise of the district court's discretion. *Id.*

Appellants next challenge the district court's entry of the default judgment, arguing that the court improperly refused to allow them to participate in the prove-up hearing. As noted in *Foster v. Dingwall*, 126 Nev. ___, ___, 227 P.3d 1042, 1049 (2010), generally, when a default judgment is sought "for an uncertain or incalculable sum, the plaintiff must prove up damages, supported by substantial evidence." When a prove-up hearing is required, the district court has wide discretion to determine how the hearing will be conducted and the extent to which the defaulted party may participate. *Id.* at ___, 227 P.3d at 1050. But even in the context of a discovery-sanction-based default, where the nondefaulted party need only set forth a prima facie case to obtain a default judgment, the district court must permit the defaulting party to identify fundamental defects in the nonoffending party's case and to present evidence if fundamental defects are identified. *Id.* at ___, 227 P.3d at 1049-50.

Here, far from providing even this opportunity to identify defects in respondents' case, the district court simply determined that appellants did not have standing to participate in that hearing, at which time their attorneys left the courtroom and the district court conducted the hearing with only respondents' counsel present. While respondents argue that appellants' attorneys voluntarily left and that the absence of a hearing transcript must be construed against them, the minutes from the

prove-up hearing plainly reflect the district court's conclusion that appellants lacked standing to participate in this hearing.[2]  And because we conclude that the decision to completely bar appellants from participating in the prove-up hearing was an abuse of discretion, *id.*, we reverse the default judgment and remand this matter for further proceedings. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                          Cherry

cc:    Third Judicial District Court Dept. 1
       David Wasick, Settlement Judge
       Steven Donald Talbot
       Belanger & Plimpton
       Moore Law Group, PC
       Law Offices of Michael B. Springer
       Third District Court Clerk

---

[2]The district court's default judgment itself is silent on this point.

[3]In light of our decision here, we need not address appellants' challenge to the denial of their NRCP 60(b) motion to set aside the default judgment.  Further, we have considered appellants' other arguments on appeal, including those regarding the denial of their motion for the district court judge's recusal, and conclude that they are without merit.