An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS WILLIAM SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67419

**FILED**

OCT 19 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to pleas of guilty, and no contest, to three counts of statutory sexual seduction, for which appellant Thomas William Smith was sentenced to 24 to 60 months on each count, with the sentences to run consecutively. Seventh Judicial District Court, Eureka County; Gary Fairman, Judge.

Smith raises two issues on appeal. First, he asserts that NRS 176A.110(1) violates equal protection in the distinctions it draws as to the licensed professionals who can perform the psychosexual evaluations (PSEs) required for a district court to grant probation or to suspend the sentence of persons convicted of the crimes specified in NRS 176A.110(3). *See Austin v. State*, 123 Nev. 1, 151 P.3d 60 (2007) (questioning whether the distinctions drawn in NRS 176A.110 accomplish the legislature's stated purpose in amending the statute in 2001 but nonetheless rejecting the appellant's challenge to his PSE and the qualifications of the professional who conducted it). Second, he contends that the district court abused its discretion in sentencing him to maximum consecutive sentences.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31856

Smith did not challenge his PSE, the qualifications of his evaluator, or the constitutionality of NRS 176A.110 in district court. *See* Fast Track Statement, p. 7. Indeed, in his written plea agreement, Smith acknowledged: "I understand that the division of parole and probation will prepare a report for the sentencing judge before sentencing, and this report must include a psychosexual evaluation according to NRS 176.135 and NRS 176.139." A "psychosexual evaluation according to NRS 176.135 and NRS 176.139" is, by its terms, covered by NRS 176A.110(1)(a) (addressing PSEs required by NRS 176.139), not NRS 176A.110(1)(b) (addressing PSEs in cases where they are not required by NRS 176.139). As required by NRS 176.145(1)(i), Smith's presentence investigation report (PSI) included his PSE. Smith's PSE reported that actuarial testing placed him at a high risk to reoffend. At time of sentencing, while Smith argued for leniency, he did not dispute the PSE or the high risk rating it assigned.

Smith did not raise or reserve his right to bring an equal protection challenge to NRS 176A.110 when he pleaded guilty. Thus, to the extent he should have challenged the statute as unconstitutional by pretrial motion, and then conditioned his pleas of guilt and no contest on the ultimate outcome of that challenge, the claim was waived. *See* NRS 174.035(3) ("With the consent of the court and the district attorney, a defendant may enter a conditional plea of guilty, guilty but mentally ill, or nolo contendere, reserving in writing the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal must be allowed to withdraw the plea.").

SUPREME COURT
OF
NEVADA

(O) 1947A

Likewise, Smith did not object at or before sentencing to the PSE or the qualifications of the individual who performed it. Under NRS 176.145(1)(i), "[t]he report of any presentence investigation [PSI] must contain . . . [i]f a psychosexual evaluation of the defendant is required pursuant to NRS 176.139, a written report of the results of the psychosexual evaluation of the defendant and all information that is necessary to carry out the provisions of NRS 176A.110." And, under our case law, objections to the PSI must be raised at or before sentencing: "Because Nevada law does not provide any administrative or judicial scheme for amending a PSI after the defendant is sentenced, it is imperative that a defendant contest his PSI at the time of sentencing if he believes that his PSI contains inaccuracies." *Stockmeier v. Board of Parole Comm'rs*, 127 Nev. 243, 249-50, 255 P.3d 209, 213 (2011). Here, Smith made a correction to the PSI insofar as his juvenile history was concerned but voiced no objection to the PSE attached to the PSI, or to the qualifications of the individual who performed the PSE. Again, his failure to object constitutes a waiver.

Smith's challenge to the excessiveness of his sentence also fails. This court will not disturb a sentence on appeal absent an abuse of discretion. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009). No abuse of discretion occurs when a sentence falls within statutory guidelines and the district court did not rely on impalpable or suspect evidence in imposing it. *See id.*; *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). While Smith attempts to argue that his equal protection challenge to NRS 176A.110 qualifies the PSE, on which the district court relied in imposing sentence, as "impalpable or suspect" evidence, this argument is precluded by Smith's failure to raise the

 

challenge in district court. *See Stockmeier*, 127 Nev. 243, 249-50, 255 P.3d at 213. The district court did not solely rely on the PSE, as Smith suggests. It also relied on the fact that there were two victims, both children, whose seduction occurred separately, months apart. Under the circumstances, the district court did not abuse its discretion in imposing the sentences it did. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Gary Fairman, District Judge
       State Public Defender/Ely
       State Public Defender/Carson City
       Attorney General/Carson City
       Eureka County District Attorney
       Eureka County Clerk