# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD A. PRECIADO-NUNO, A/K/A
EDWARD PRECIADO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73335

FILED

NOV 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Edward Preciado-Nuno's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. Preciado-Nuno argues that he received ineffective assistance of trial counsel. We disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. We give deference to the district court's factual findings

18-904404

that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Preciado-Nuno argues that trial counsel should have ensured that all bench conferences were recorded. At the relevant time, the trial court was not required to make a record of all bench conferences. *See Daniel v. State*, 119 Nev. 498, 507-08, 78 P.3d 890, 897 (2003); *see also Preciado v. State*, 130 Nev. 40, 43, 318 P.3d 176, 178 (2014). Accordingly, trial counsel was not deficient in failing to assert a rule that did not then apply. Further, Preciado-Nuno has not shown prejudice as he has not identified any specific omission that precluded this court's appellate review. *See Preciado*, 130 Nev. at 43, 318 P.3d at 178. Preciado-Nuno's reliance on *United States v. Cronic*, 466 U.S. 648 (1984), is misplaced, as *Cronic* addressed the quality of advocacy that must be provided for a defendant to have constitutionally adequate assistance of counsel, 466 U.S. at 650, rather than the right to due process through meaningful appellate review, *see Preciado*, 130 Nev. at 43, 318 P.3d at 178. The district court therefore did not err in denying this claim.

Preciado-Nuno next argues that trial counsel should have objected to the State's blood-pattern expert's testimony about a "blood void" as a violation of NRS 174.234(3)(b) because it was not specifically addressed in the expert's report. Preciado-Nuno argued in his direct appeal that this omission violated NRS 174.234(3)(b), and we considered and rejected that argument. *See id.* at 42, 318 P.3d at 177. It is the law of the case that this challenge lacked merit. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). Counsel did not perform deficiently in omitting a meritless claim, and this omission did not prejudice Preciado-Nuno. *See Ennis v.*

*State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim.

Preciado-Nuno next argues that trial counsel should have interviewed the State's blood-pattern expert before trial. He argues that such an interview would have led counsel to discover the blood-void theory and then hire a defense expert. Substantial evidence supports the district court's findings that trial counsel strategically decided to discredit the State's expert through cross-examination and that counsel concluded that a pretrial interview of the expert was not warranted. The record further shows that trial counsel interviewed several expert witnesses and retained and called one. Decisions regarding what witnesses to call or defenses to develop are strategic decisions that rest with counsel. *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002); *see also Davis v. State*, 110 Nev. 1107, 1120, 881 P.2d 657, 665 (1994) (concluding that witnesses are not compelled to speak with defense counsel). Counsel's strategic decisions are virtually unchallengeable absent a showing of extraordinary circumstances, which Preciado-Nuno has not made, particularly as the blood-void theory principally supported the State's argument for first-degree murder, which the jury rejected in finding him guilty of a lesser offense, and the other evidence adduced at trial belied the self-defense theory. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). The district court therefore did not err in denying this claim.

Preciado-Nuno next argues that trial counsel should have ensured that the victim's blood was preserved so that it could be tested for evidence of opiate intoxication. The medical examiner testified that the victim's toxicology report indicated the presence of oxycodone and valium metabolite, and trial counsel discussed this evidence in closing argument.



The record thus belies Preciado-Nuno's implication that counsel could not argue inferences from the victim's intoxication, and Preciado-Nuno offers no other argument that counsel performed deficiently in this regard. Insofar as Preciado-Nuno claims that counsel should have investigated the victim's blood more thoroughly, Preciado-Nuno has not shown how a more thorough investigation would have led to a reasonable probability of a different outcome. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). The district court therefore did not err in denying this claim.

Preciado-Nuno next argues that trial counsel should have challenged several factual errors in the presentence investigation report. The alleged errors are consistent with his arrest report, and the presentence investigation report's offense synopsis states that it relied on police reports. As such, Preciado-Nuno has not shown deficient performance. Further, Preciado-Nuno has not shown a reasonable probability of a different outcome regarding his sentencing, classification, placement in prison programs, or parole eligibility had counsel objected to the alleged errors. *See Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. 243, 250, 255 P.3d 209, 214 (2011) (observing that presentence-investigation-report errors may affect a defendant's sentence, classification, program placement, or parole eligibility). The district court therefore did not err in denying this claim.

Lastly, Preciado-Nuno argues that multiple instances of deficient performance cumulate to warrant relief. Even assuming that multiple deficiencies may be cumulated, claims are cognizable in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Preciado-Nuno has not demonstrated any instances of deficient performance to cumulate. The district court therefore did not err in denying this claim.

Having considered Preciado-Nuno's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Kathleen E. Delaney, District Judge
Karen A. Connolly, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk