# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| FREDDIE JABARI WRIGHT,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 80095 |
| FREDDIE JABARI WRIGHT,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 80096<br><br>**FILED**<br><br>SEP 22 2020<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

These are pro se consolidated appeals from district court orders denying petitions for writs of mandamus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his petitions, Wright sought writs of mandamus prohibiting the Nevada Department of Corrections from using information in his presentence investigation report (PSI) regarding his juvenile record in determining whether to transfer him to transitional housing. A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A writ of mandamus will not issue, however, if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170.

Wright had a plain, speedy, and adequate remedy at law by way of a direct appeal alleging errors in his PSI. *See Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. 243, 250, 255 P.3d 209, 214 (2011) ("In the

20-34933

absence of any post-sentencing authority of either the Division or the district court to address alleged inaccuracies in a PSI, any objections must be resolved prior to sentencing, and, if not resolved in the defendant's favor, the objections must be raised on direct appeal."). Because Wright had an adequate remedy available, he failed to demonstrate that mandamus relief was warranted.[1]

In addition, we are not persuaded that the alleged inclusion of information regarding Wright's juvenile record in his PSI, or the use of such information in determining whether to transfer him to transitional housing, was a manifest abuse or arbitrary or capricious exercise of discretion. *See id.* (observing that information in a defendant's PSI may "be used to determine his classification, placement in certain programs, and eligibility for parole"); *see also Ramirez v. State*, Docket 73074 (Order of Affirmance, May 31, 2019) (citing *Thomas v. State*, 88 Nev. 382, 385, 498 P.2d 1314, 1316 (1972)) ("Nevada law expressly permits a district court to consider a defendant's juvenile record at sentencing."). Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____ *Pickering* _____, C.J.
Pickering

_____, J.    _____, J.
Hardesty              Stiglich

cc:    Freddie Jabari Wright
       Attorney General/Carson City

---

[1]It appears Wright was represented by counsel at the time he filed his pro se petitions for writs of mandamus. We note that so long as Wright is represented, he is required to proceed by and through his counsel.

Clark County District Attorney
Eighth District Court Clerk