# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES THOMAS TALLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81005

FILED

OCT 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder and two counts of sexual assault.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Charles Thomas Talley first argues that insufficient evidence supported the jury's finding of guilt for sexual assault. He also argues that the district court violated the *corpus delicti* rule in admitting his police statement without sufficient independent evidence of his guilt for sexual assault. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). The *corpus delicti* of the crime must be shown by evidence independent of a defendant's admissions and must be sufficient to permit a reasonable inference that a crime occurred. *Gaxiola v. State*, 121 Nev. 638, 650, 119 P.3d 1225, 1233-34 (2005). Talley and the decedent victim were found naked in an apartment. The victim had been brutally beaten and strangled and her blood was found throughout the apartment. A broken

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

 

21-29667

condom with both of their DNA was found, the victim's saliva was found on Talley's penis, an injury was observed on his penis, and his DNA was found under her fingernails. An empty vodka bottle was present, and the victim's blood-alcohol level was elevated. Talley later admitted to the police that he and the victim drank the vodka and that he placed his penis in the victim's mouth and vagina and penetrated the victim digitally, though he maintained the encounter was consensual.

The jury could reasonably infer from the evidence presented that Talley sexually penetrated the victim against her will or under conditions in which she could not consent. *See* NRS 200.366(1). Further, sufficient independent evidence was presented to establish the *corpus delicti*. *See Gaxiola*, 121 Nev. at 650, 119 P.3d at 1233-34 (requiring a prima facie showing supporting a reasonable inference that a crime was committed, not proof beyond a reasonable doubt); *see also Byars v. State*, 130 Nev. 848, 861, 336 P.3d 939, 948 (2014). That Talley now proposes alternative interpretations for the evidence does not establish that sufficient evidence does not support his conviction in this regard. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) ("[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses."). Talley's argument that the State did not present direct evidence of sexual assault fails, as "entirely circumstantial evidence" may suffice. *Sheriff v. Middleton*, 112 Nev. 956, 962, 921 P.2d 282, 286 (1996). And Talley's reliance on *Tabish v. State* is misplaced, as *Tabish* did not consider corpus delicti in the context of whether evidence independent of a defendant's confession established his guilt. *See* 119 Nev. 293, 312-13, 72 P.3d 584, 596-97 (2003). Talley's related claim that the jury should have been instructed that it needed to find the

corpus delicti beyond a reasonable doubt fails, as that is not the relevant standard. *See Gaxiola*, 121 Nev. at 650, 119 P.3d at 1233-34. We conclude that sufficient evidence supported the conviction for sexual assault.

Talley next argues that the district court erroneously limited cross-examination of the medical examiner by rejecting inquiry into the appendix of the toxicology report, preventing him from "fully" questioning the examiner. The district court barred inquiry into specific statements in the appendix as hearsay. The record suggests that Talley sought to elicit the appendix's statements for the truth of the matter asserted. *See* NRS 51.035. As Talley has not included the report or its appendix in the record, *see* NRAP 30(b)(3); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."), we presume these missing documents support the district court's decision, *see Riggins v. State*, 107 Nev. 178, 182, 808 P.2d 535, 538 (1991) (concluding that materials omitted from the record on appeal "are presumed to support the district court's decision"), *rev'd on other grounds by Riggins v. Nevada*, 504 U.S. 127 (1992). Accordingly, Talley has not shown that the district court abused its discretion in limiting this testimony as hearsay. *See Fields v. State*, 125 Nev. 785, 795, 220 P.3d 709, 716 (2009) (reviewing district court's hearsay determination for abuse of discretion).

Talley next argues that the district court erred in rejecting his proposed instruction that the jury could consider his intoxication in determining whether a reasonable person would know the victim was incapable of consent. The district court instructed the jury that it must find beyond a reasonable doubt that Talley knew or should have known that the victim did not consent to find him guilty of sexual assault, but correctly instructed the jury that voluntary intoxication was not a defense to general

SUPREME COURT
OF
NEVADA


(O) 1947A

intent crimes. *See* NRS 193.220 (providing that a jury may consider voluntary intoxication only for specific intent crimes); *Henry v. United States*, 432 F.2d 114, 119 (9th Cir. 1970) (examining NRS 193.220 and concluding that voluntary intoxication is not a defense to sexual assault and that district court did not err in rejecting instruction that the jury could take intoxication into account in finding mens rea), *modified on other grounds by Henry v. United States*, 434 F.2d 1283, 1284 (9th Cir. 1971). Further, the jury was instructed that a good faith mistake of fact would provide a defense. *See Carter v. State*, 121 Nev. 759, 766, 121 P.3d 592, 596 (2005) ("[A] reasonable mistaken belief as to consent is a defense to a sexual assault charge."). Talley misplaces his reliance on *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006), as the constitutional right to present a complete defense that *Holmes* recognizes does not entitle him to present a voluntary intoxication defense not permitted by Nevada law, *see Montana v. Egelhoff*, 518 U.S. 37, 43, 51 (1996) (plurality opinion) (holding that due process does not require permitting a voluntary intoxication defense). Talley therefore has not shown the district court abused its discretion or clearly erred. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (reviewing district court's "broad discretion to settle jury instructions" for abuse of discretion or judicial error).

Talley next argues that the district court erred in refusing to instruct the jurors that sexual assault was a specific intent crime for felony-murder purposes. "Sexual assault is a general intent crime." *Honeycutt v. State*, 118 Nev. 660, 670 n.24, 56 P.3d 362, 369 n.24 (2002), *overruled on other grounds by Carter v. State*, 121 Nev. 759, 121 P.3d 592, (2005). The State need not prove specific intent for a general intent crime that "is used to support a felony-murder charge." *Burnside v. State*, 131 Nev. 371, 394-

95, 352 P.3d 627, 644 (2015). Talley therefore has not shown the district court abused its discretion or clearly erred.

Talley next argues that the district court should not have weighed his cognitive limitations against him in sentencing. The record belies the premise underlying this claim. In imposing sentence, the district court reflected on the brutality of the crimes and Talley's unwillingness to recognize what the trial evidence showed. The district court was not commenting on Talley's memory deficits but rather on his conduct and moral propensities, which may be considered at sentencing. *See Denson v. State*, 112 Nev. 489, 494, 915 P.2d 284, 287 (1996). Talley therefore has not shown that the district court abused its discretion in this regard. *See id.* at 492, 915 P.2d at 286 ("A district court is vested with wide discretion regarding sentencing, but this court will reverse a sentence if it is supported *solely* by impalpable and highly suspect evidence.").

Talley next argues that the presentence investigation report should have described his mental disabilities. The report states that Talley reported memory and "thinking process" problems but had not been diagnosed with any mental health disorders. Any objections or corrections to the PSI should be raised before sentencing. *Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. 243, 248, 255 P.3d 209, 212 (2011). Talley did not timely raise this issue. Moreover, Talley has not shown that the sentence was based on impalpable or highly suspect evidence in this regard, as defense experts testified at trial as to Talley's brain damage and neuropsychological conditions and defense counsel addressed these topics at the sentencing hearing. Talley therefore has not shown that the district court abused its discretion in this regard. *See Goodson v. State*, 98 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

493, 495-96, 654 P.2d 1006, 1007 (1982) (reviewing sentence based on disputed presentence report for abuse of discretion).

Lastly, Talley argues cumulative error. We conclude that Talley has not identified any error to cumulate. *See Mulder v. State*, 116 Nev. 1, 16-17, 992 P.2d 845, 854-55 (2000) (stating cumulative error standard).

Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                              Gibbons

cc:    Chief Judge, Eighth Judicial District Court
       Department 3, Eighth Judicial District Court
       Special Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA