ROBIN ANN GOODSON, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 12771

November 30, 1982                     654 P.2d 1006

*Morgan D. Harris,* Public Defender; *Peggy A. Leen, David S. Gibson,* and *Robert D. Larsen,* Deputy Public Defenders, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Robin Ann Goodson was charged, by way of information, with possession of cocaine, a controlled substance. In exchange for her guilty plea, the State agreed to recommend sentencing under the non-adjudication provisions of NRS 453.336.[1] At the time of this incident, Ms. Goodson was eighteen years of age and had no prior record.

---

[1]At the relevant time, the pertinent provisions of NRS 453.336 provided:

6. Whenever any person who has not previously been convicted of any offense under the provisions of NRS 453.011 to 453.551, inclusive, or under any statute of the United States or of any state relating to narcotic drugs, marihuana or stimulant, depressant or hallucinogenic drugs pleads guilty to or is found guilty under this section of possession of a controlled substance not for the purpose of sale, the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions.

7. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him.

8. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this

A routine pre-sentence report was prepared by the Department of Parole and Probation and filed with the district court. The following statements were included within this report under the heading "Supplemental Information": "Contact with the narcotics division of the Las Vegas Metropolitan Police Department revealed that in their belief the defendant has been more than casually involved in the trafficking of controlled substances. They further believe that this involvement is directly related through her association with her husband."[2] At sentencing, the district court focused upon this material, read it into the record and indicated that it was not presently inclined to impose sentence in the manner suggested by the State. The matter was then continued for one week to allow Ms. Goodson an opportunity to refute the allegation.

Recognizing the difficulty inherent in "proving a negative" of this sort, defense counsel moved to strike the objectionable portion of the pre-sentence report and have Ms. Goodson sentenced before another court. The motion was heard when the sentencing hearing resumed and was denied. Although Ms. Goodson insisted that she was not involved in trafficking narcotics, she presented no additional evidence to that effect. Relying upon the disputed portion of the pre-sentence report and the circumstances surrounding the offense, the district court articulated its belief that Ms. Goodson was, in fact, "a pusher" and sentenced her to two years in the state penitentiary.

The defendant contends the district court erred when it denied her motion to strike and have sentence imposed by another court. We agree.

[Headnote 1]

This court recognizes the discretion vested in the district court with regard to imposing sentence on the criminals before it and has heretofore held that such discretion is not abused through the imposition of sentence in excess of that recommended by the State. *See* Renard v. State, 94 Nev. 368, 580 P.2d 470 (1978); Collins v. State, 88 Nev. 168, 494 P.2d 956 (1972). However, we have also held that an abuse of discretion will be found when the defendant's sentence is prejudiced from

section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for a second or subsequent convictions under the provisions of NRS 453.011 to 453.551, inclusive.

[2]The pre-sentence report indicated that Ms. Goodson's husband was approximately twenty-four years her senior. Further, the report concluded that a one-and-one-half-year suspended sentence together with probation for a period not to exceed two years would be appropriate in light of all the facts and circumstances relative to this young woman.

consideration of information or accusations founded on impalpable or highly suspect evidence. Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976); *accord* United States v. Weston, 448 F.2d 626 (9th Cir. 1971).

We have previously had occasion to consider the type of representation complained of in the appeal now before us. In Deveroux v. State, 96 Nev. 388, 610 P.2d 722 (1980), the defendant was convicted of grand larceny and sentenced to an eight-year prison term. Prior to sentencing, two vice officers sent an unsolicited letter to the sentencing judge describing Ms. Deveroux as one of the "top five trick roll artists in Clark County." We determined that such a letter was inappropriate for review by the district court at sentencing, but held that Ms. Deveroux was not prejudiced thereby because the district court recognized the letter's impropriety and refused to consider it. Hence, her sentence was not disturbed.

Similarly, the declaration in the case at bar is essentially a bald assertion, unsupported by any evidence whatsoever. In addition, the instant allegation is even more suspect than the one in *Deveroux* because it does not identify any particular officers who believed Ms. Goodson was trafficking in narcotics. Moreover, unlike *Deveroux,* the record before us clearly demonstrates that the district court relied heavily upon this depiction in imposing sentence on Ms. Goodson. Indeed, the objectional matter was the only information in the record which could possibly lead the district court to the determination that Ms. Goodson was "a pusher."

Considering the facts presented by this appeal, we have no doubt Ms. Goodson's sentence was improperly prejudiced by the unsupported representation that she was trafficking in narcotics. Her sentence is hereby vacated and the cause remanded for further proceedings consistent with this opinion.