130 Nev., Advance Opinion 43

IN THE SUPREME COURT OF THE STATE OF NEVADA

ULISES J. GOMEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62151

**FILED**

MAY 29 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a guilty plea agreement, of murder, conspiracy to commit robbery, and conspiracy to commit first-degree kidnapping. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

*Affirmed.*

Karen A. Connolly, Ltd., and Karen A. Connolly, Las Vegas, for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Steven S. Owens, Chief Deputy District Attorney, Clark County, for Respondent.

BEFORE THE COURT EN BANC.

OPINION

By the Court, GIBBONS, C.J.:

After pleading guilty, appellant Ulises Gomez requested that the district court amend his Presentence Investigation Report (PSI) because it included inaccurate information regarding his gang involvement. The district court refused to do so, finding that the police

14-17324

department's incident reports provided a factual basis for the gang information that was included in the PSI. In this opinion, we address whether the district court properly relied on the incident reports when determining whether to amend the PSI and whether a defendant is entitled to due process protections when erroneous statements in his or her PSI will potentially affect his or her prison classification and compromise whether he or she will be released on parole.

## FACTS AND PROCEDURAL HISTORY

Gomez was arrested for his involvement in a robbery and homicide at Llantera Del Norte Tire Shop in North Las Vegas. Gomez ultimately agreed to plead guilty to murder, conspiracy to commit robbery, and conspiracy to commit first-degree kidnapping. Under the plea agreement, the parties agreed to recommend a term of life with the possibility of parole after 20 years for the murder and that the sentences on the other charges run concurrently with the murder sentence. The Nevada Division of Parole and Probation (P&P) prepared a PSI before sentencing as required by NRS 176.135. Gomez's PSI stated, "[p]er contact with the Las Vegas Metropolitan Police Gang Unit, the defendant is a known . . . primary member of, 'Brown Pride Locotes' and a secondary member of '18th Street,' with a last known contact date of July 23, 2009."

Gomez filed an objection to his PSI, arguing that the statements about his gang membership were false and unsupported by "factual information." The district court delayed sentencing and ordered the Las Vegas Metropolitan Police Department (LVMPD) to produce documentation supporting the representation that Gomez was a gang member. In response, LVMPD produced several field interview cards and incident reports. One specific incident report dated February 13, 2002, noted that Gomez "admitted Blythe Street [gang]." Another incident

report dated May 8, 2007, noted that Gomez was a known member of the 18th Street gang as determined by his "gang dress/frequents gang area/affiliates w/gang."

After LVMPD produced Gomez's incident reports, the district court heard argument on Gomez's objection. Gomez argued that the incident reports were not sufficiently reliable to demonstrate his gang membership because they do not explicitly state that Gomez was a gang member and only concluded he was affiliated with gangs because he was "giving a ride to somebody who was a gang member." The district court noted that the incident report stated that Gomez "admitted Blythe—association with the Blythe Street Gang. So that's more than just giving a ride to a guy." Additionally, the district court found that the reports provided a factual basis for the information in the PSI and thus the PSI was not based on "impalpable or highly suspect information." *See Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. ___, ___, 255 P.3d 209, 213 (2011). In response, Gomez requested an evidentiary hearing in order to ensure that his sentence was "based upon accurate information." The district court denied Gomez's request for an evidentiary hearing, reasoning that it was not sentencing Gomez based on his gang affiliation or a gang enhancement. Rather, the district court stated that the gang information was "not actually even part of the sentence. It's just a classification problem which is an administrative issue." The district court then adjudged Gomez guilty and sentenced him to life in prison with the possibility of parole after 20 years for murder and 28-72 months for each conspiracy offense, with the sentences to run concurrently. Gomez now appeals.

## DISCUSSION

*Gomez was not entitled to an evidentiary hearing*

Gomez argues that he should have been able to challenge the allegations in his PSI through an evidentiary hearing. We disagree.

Nevada law affords a defendant the opportunity to object to factual errors in his or her PSI. NRS 176.156(1). But, as this court acknowledged in *Stockmeier*, "the process by which the district court must resolve objections to a PSI is not entirely clear." 127 Nev. at ___, 255 P.3d at 213. Apart from the provision mandating an opportunity to object to factual errors, Nevada statutes are "silent as to the process to be followed by either [P&P] or the district court for allowing the defendant to make such objections, or for resolving the objections." *Id.* at ___, 255 P.3d at 213-14.

Contrary to Gomez's contention, we conclude that *Stockmeier* does not require the district court to hold evidentiary hearings to address alleged factual errors in a defendant's PSI. Here, the district court reviewed the LVMPD incident reports and determined that there was a factual basis to support them. The district court properly ensured that the information in the reports was not based on impalpable or highly suspect evidence.[1] *See Stockmeier*, 127 Nev. at ___, 255 P.3d at 212-14.

---

[1]Further, we note that the process by which a defendant addresses factual errors in a PSI was not intended to become a small-scale trial.

*The statements in Gomez's PSI were not based on impalpable or highly suspect evidence*

Gomez argues that the incident reports produced by LVMPD do not establish that he was a gang member. We disagree based on the *Stockmeier* standard for PSI information.

NRS 176.135(1) mandates that P&P "prepare a PSI to be used at sentencing for any defendant who pleads guilty to or is found guilty of a felony." *Stockmeier*, 127 Nev. at ___, 255 P.3d at 212. Because a court cannot base its sentencing decision on information or accusations that are founded on "'impalpable or highly suspect evidence,'" the PSI must not include information based on "'impalpable or highly suspect evidence.'" *Id.* at ___, 255 P.3d at 213 (quoting *Goodson v. State*, 98 Nev. 493, 495-96, 654 P.2d 1006, 1007 (1982)); *see Goodson*, 98 Nev. at 496, 654 P.2d at 1007 (holding that information in a PSI indicating that the defendant was a drug trafficker was impalpable and highly suspect because it was merely a "bald assertion," and "unsupported by any evidence whatsoever").

We conclude that the district court did not abuse its discretion in ruling that the gang information in Gomez's PSI was not based on impalpable or highly suspect evidence. *See Nunnery v. State*, 127 Nev. at ___, ___, 263 P.3d 235, 241 (2011). LVMPD produced several field interview cards and incident reports indicating that Gomez was a known gang member. The incident report which states that Gomez "admitted Blythe Street [gang]" is especially noteworthy. Admittedly, this would be a closer issue if the State only produced the incident report that concluded Gomez was affiliated with gangs based on his dress and associations. But given the admission, we conclude that the district court did not abuse its discretion in refusing to amend Gomez's PSI. Thus, the information in

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Gomez's PSI is more than a bald assertion and is supported by the reports. *See Goodson*, 98 Nev. at 496, 654 P.2d at 1007.[2]

*Gomez's remaining arguments are moot*

Gomez does not contend that the allegations of gang membership within his PSI affected his sentence.[3] Rather, Gomez argues that although the alleged inaccuracies in his PSI did not affect his actual sentence, they still are materially prejudicial because of their potential effect on his prison classification or his chances of being released on parole. Based on our conclusion that the district court did not err in finding that the information in Gomez's PSI regarding his gang affiliation was not based on impalpable or highly suspect evidence, we do not need to consider whether the gang affiliation within his PSI could possibly materially prejudice his prison classification or his chances of being released on parole.

## CONCLUSION

The district court did not abuse its discretion when it determined that the LVMPD reports provided a factual basis for the gang affiliation noted in Gomez's PSI. Further, we decline to consider Gomez's

---

[2]Despite Gomez's argument that the State should bear the burden of proving the information in Gomez's PSI, we conclude that the State does not have the burden of proof regarding the information in a defendant's PSI.

[3]Even though Gomez does not argue that the allegations of gang membership within his PSI affected his sentence, we take this opportunity to note that the district court may take many different items into consideration when determining the appropriate sentence for a defendant.

claims that his PSI will affect his parole and prison classification. Accordingly, we affirm Gomez's judgment of conviction.[4]

_____, C.J.
Gibbons

We concur:

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____

[4]We have considered the parties' remaining arguments and conclude that they are without merit.