130 Nev., Advance Opinion 41

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEITH SASSER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60091

**FILED**

MAY 29 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a guilty plea, of one count of robbery. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

*Affirmed.*

Legal Resource Group, LLC, and T. Augustas Claus, Henderson, for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jonathan VanBoskerck, Chief Deputy District Attorney, Clark County, for Respondent.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, GIBBONS, C.J.:

After pleading guilty to robbery, appellant Keith Sasser requested that the district court amend his presentence investigation report (PSI) prior to sentencing to correct an error. The district court amended Sasser's PSI in the judgment of conviction, rather than amending the PSI itself. In this opinion, we address whether the district court can properly amend a PSI in the judgment of conviction.

### FACTS AND PROCEDURAL HISTORY

Sasser met Dominique Montenegro at a nightclub in Las Vegas. He offered to help Montenegro find her friends and indicated that

14-17319

he was related to an individual in her group. After they were unable to find her group, she accepted a ride from him to her friend's house. However, Montenegro alleges that Sasser did not stop the car when they arrived at her destination. She attempted to get out of the car while it was still moving but alleges that Sasser grabbed her hair, punched her in the face, and ran over her foot with his car to prevent her from escaping. The exact order of events is unclear from Montenegro's statement, but she alleges the following events occurred: (1) Sasser hit her causing her to lose consciousness; (2) she awoke outside the vehicle, and saw Sasser going through her purse; (3) Sasser sexually assaulted her multiple times; (4) Sasser told her to "[s]hut the [explicit] up," and she thought he was going to kill her; and (5) Sasser then apologized to her. Eventually, she escaped and checked into the University Medical Center (UMC).

Sasser pleaded guilty to robbery, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).[1] At sentencing, Sasser requested that the district court amend his PSI to exclude certain information that he alleged was unsupported. After hearing arguments from both parties, the district court found that two pages contained unsupported information and struck part of the conclusion. These stricken portions included: (1) the alleged threats from Sasser to kill Montenegro, and (2) a dismissed sexual assault charge against Sasser in an unrelated, subsequent case. The district court noted these amendments in Sasser's judgment of conviction. Sasser requested that additional information be stricken, however, the district

---

[1]The United States Supreme Court in *Alford* concluded that a defendant can enter a plea agreement even though he or she maintains his or her innocence. 400 U.S. at 38.

court found sufficient evidence to support the remaining information. The district court then sentenced Sasser pursuant to his *Alford* plea to a minimum of 48 months and a maximum of 120 months. Sasser now appeals.

## DISCUSSION

On appeal, Sasser argues that the district court erred in (1) amending his PSI in the judgment of conviction, (2) refusing to strike more information from the PSI, and (3) sentencing him. Initially, we note that a defendant has a right to object to his PSI and the district court will make a determination on the PSI information, so long as the defendant objects to it at the time of sentencing. *Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. ___, ___, 255 P.3d 209, 213-14 (2012); *see also* NRS 176.156(1). However, since we have not addressed the specific procedure for amending a PSI, we take this opportunity to determine whether a district court may properly amend a defendant's PSI in the judgment of conviction.

*The district court did not err in amending Sasser's PSI in his judgment of conviction*

Sasser argues that the district court improperly amended the PSI with the judgment of conviction rather than returning it to the Division of Parole and Probation (P&P).[2] We disagree.

---

[2]Sasser also argues that it is unclear whether the district court struck the assertions concerning the subsequent arrest for sexual assault. We conclude that the judgment of conviction is sufficiently clear to determine (1) what information the district court intended to strike from the PSI, and (2) what information the district court found to be unsupported by evidence.

In *Stockmeier*, this court explained that it is important for a defendant to object to his PSI at the time of sentencing because "Nevada law does not provide any administrative or judicial scheme for amending a PSI after the defendant is sentenced." 127 Nev. at ___, 255 P.3d at 213. Further, this court acknowledged that "the process by which the district court must resolve objections to a PSI is not entirely clear." *Id.* However, it is clear that "any objections [that the defendant has] must be resolved prior to sentencing."[3] *Id.* at ___, 255 P.3d at 214. But other than requiring the defendant an opportunity to object, "the Nevada statutes are silent as to the process to be followed by either . . . [P&P] or the district court for allowing the defendant to make such objections, or for resolving the objections, and communicating the resolution to interested parties." *Id.* at ___, 255 P.3d at 213-14. Based on this uncertainty, we take this opportunity to clarify that one way in which a district court may amend a defendant's PSI is by doing so in the judgment of conviction.[4]

---

[3]Other courts have held that when a court finds inaccurate information in a defendant's PSI, the district court has other procedures for amending the PSI instead of revising the actual PSI. *State v. Waterfield*, 248 P.3d 57, 59 (Utah Ct. App. 2011) (requiring the district court to make findings on the record as to the inaccuracies in a defendant's PSI); *State v. Craft*, 490 S.E.2d 315, 319 (W. Va. 1997) (requiring the district court to make a written record of inaccuracies and append it to the PSI); Fed. R. Crim. P. 32(i)(3)(C) (requiring federal district courts to append a copy of the court's amendment determinations to the PSI).

[4]The State asks this court to overturn *Stockmeier* because of the burden it places on sentencing judges to amend a defendant's PSI when the defendant has opportunities prior to sentencing to amend it. We conclude that this is not a compelling reason to overturn precedent. *Armenta-Carpio v. State*, 129 Nev. ___, ___, 306 P.3d 395, 398 (2013). While we acknowledge that amending a defendant's PSI places a burden
*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

Here, the district court explained its reasoning for amending Sasser's PSI in the judgment of conviction: "[W]hat's fundamentally important is that there be accurate information in front of any . . . subsequent reviewing authority. And the two documents that follow each individual . . . through the corrective system, are the judgment of conviction and the PSI."

We conclude that the district court did not err in amending the PSI in the judgment of conviction. *Stockmeier* did not specify how a district court should amend a PSI, so long as it was objected to and resolved prior to sentencing. The district court properly (1) heard argument on the defendant's objections, (2) resolved the objections prior to sentencing, and (3) made a record of its findings on the disputes it chose to resolve. By including its findings in the judgment of conviction, the district court effectively ensured that its findings will accompany the PSI throughout the parole process.[5] *See generally* NRS 176.159(1) (requiring courts to cause a copy of PSI to be delivered to Department of Corrections "not later than when the judgment of imprisonment is delivered pursuant

---

*. . . continued*

on district courts, we conclude that district courts are in the best position to determine whether a defendant's PSI contains impalpable or highly suspect evidence.

[5]As a practical matter, the district court's approach in this case has the same effect as the procedure used in federal court when ruling on a disputed portion of a presentence report. *See* Fed. R. Crim. P. 32(i)(3)(C) (requiring court to append a copy of its determinations regarding disputed portions of the presentence report to any copy of the report made available to the Bureau of Prisons).

to NRS 176.335"); NRS 176.325 (requiring the judgment of conviction "be furnished to the officers whose duty it is to execute the judgment"); NRS 176.335(2) (requiring sheriff to deliver certified copies of judgment of conviction to person from Department of Corrections who has been authorized to receive the prisoner). Therefore, we conclude that the district court did not err by amending Sasser's PSI in the judgment of conviction. We further note that this opinion should not be construed to require the district courts to amend a defendant's PSI through the judgment of conviction, but simply that it is not error to do so.

*The district court struck impalpable or highly suspect information from Sasser's PSI and only relied on the remaining supported information when sentencing Sasser*

Sasser argues that the district court should have stricken more information in the PSI. Sasser further argues that even though the district court's judgment of conviction ordered certain sections to be stricken, it did not actually strike the information in the PSI prior to sentencing. As a result, Sasser argues that the district court improperly relied on P&P's recommendation based on the inaccurate information in the PSI when it sentenced Sasser.[6] We disagree.

---

[6]Sasser also argues that he has a right to parole because "the Nevada Legislature has . . . created a constitutionally cognizable liberty interest [in parole] to invoke due process rights." We conclude that this argument is without merit based on the plain language of NRS 213.10705, which expressly states that there is no right to parole. To the extent that Sasser claims that the alleged inaccuracies in his PSI will affect his ability to receive parole in the future, we conclude that this argument is moot based on our conclusion that the district court did not err in finding that the remaining information in Sasser's PSI was not based on impalpable or highly suspect evidence.

Supreme Court
OF
Nevada

(O) 1947A

6

*The district court properly declined to strike information from Sasser's PSI that was not based on "impalpable and highly suspect evidence"*

"A district court's findings of fact are entitled to deference" on review. *Browning v. State*, 124 Nev. 517, 531, 188 P.3d 60, 70 (2008). A defendant's "PSI must not include information based on 'impalpable or highly suspect evidence.'" *Stockmeier*, 127 Nev. at ___, 255 P.3d at 213 (quoting *Goodson v. State*, 98 Nev. 493, 496, 654 P.2d 1006, 1007 (1982)); *see also Goodson*, 98 Nev. at 496, 654 P.2d at 1007 (holding that information in a PSI indicating that the defendant was a drug trafficker was impalpable and highly suspect because it was merely a "bald assertion" and "unsupported by any evidence whatsoever"). However, this court will not interfere with the district court's sentence if the defendant was not prejudiced by the consideration of this impalpable or highly suspect evidence. *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009).

Sasser argues that the district court should have stricken more information in the PSI because the information was "inaccurate, unsupported by evidence, contradicted by the physical evidence and/or contradicted by Montenegro's own statements."

Here, in addition to the PSI information regarding alleged threats to kill Montenegro and Sasser's subsequent sexual assault charge, which the district court struck, Sasser also objected to the following information in his PSI: (1) that Sasser had been unemployed since January 2010; (2) that officers observed that the victim had obvious bruises around her head and face and a swollen left foot; (3) the Sexual Assault Nurse Examiner (SANE) report that found significant vaginal bruising and bleeding; (4) that Sasser pulled the car over in the desert,

struck the victim several times in the head and face with his fist, and the victim reported she was knocked unconscious; and (5) the PSI noted the violent nature of the offense, as well as the injuries inflicted on the victim through physical and sexual assaults, requiring medical treatment.

In response, the State presented (1) a picture of Montenegro's injuries; (2) Montenegro's statement to police indicating that Sasser had hit her in the head; (3) Montenegro's statement that her foot was swelling, she had abrasions on her knees and foot, and blood on her foot; and (4) a statement from Montenegro's brother indicating that an officer observed swelling on her head. Further, regarding Sasser's unemployment, the State noted that Sasser had "been incarcerated for [some time]."[7]

The district court found that sufficient evidence supported the above allegations and explained that it was most concerned with the violent nature of the offense based on the photographs provided by both sides.

We conclude that the district court properly declined to strike the above information from the PSI because the information was not based on impalpable or highly suspect evidence. While Sasser did cast some doubt on the PSI information, the State also provided evidence to support the information. The district court then had the discretion to decide whether any of the information was based on impalpable or highly suspect evidence. Considering the additional evidence presented to the district

---

[7]When objecting to his PSI, Sasser informed the district court that he had been employed full-time until February 2010 and was precluded from employment since then due to incarceration.

Supreme Court
of
Nevada

(O) 1947A

8

court and Sasser's failure to provide this court with the photographs that the district court relied on in making its determination,[8] we cannot say that the district court abused its discretion by concluding that the information in the PSI was not based on impalpable or highly suspect evidence.

*The district court did not rely on impalpable or highly suspect evidence when sentencing Sasser*

Sasser claims that even though the district court ordered certain information stricken from the PSI, it did not actually strike the information prior to sentencing and, as a result, the district court improperly relied on P&P's recommendation, which was based on the inaccurate information in the PSI, when it sentenced Sasser. The record belies this claim.

The district court expressly stated that it would not consider certain information included in the PSI: (1) the alleged threats to kill Montenegro, and (2) a dismissed charge of sexual assault in an unrelated subsequent case against Sasser. Further, when discussing the dismissed charge, the district court noted:

> I'm not going to consider it. It's not—I don't think it's going to be part of this analysis. Frankly, there's plenty of violence on the predicate offense to which Mr. Sasser's indicated he's guilty

---

[8]See *Riggins v. State*, 107 Nev. 178, 182, 808 P.2d 535, 538 (1991) (concluding that if materials are not included in the record on appeal, the missing materials "are presumed to support the district court's decision"), *rev'd on other grounds by Riggins v. Nevada*, 504 U.S. 127 (1992).

SUPREME COURT
OF
NEVADA

(O) 1947A

pursuant to the *Alford* decision. So I'm going to . . . be very clear here. I'm not going to consider that.

The judgment of conviction reflects these findings.

We conclude that the district court did not abuse its discretion when sentencing Sasser because it expressly stated that it would not consider the information that it struck from the PSI. Its sentencing decision was based on the violence involved in the charge. The record does not reflect an abuse of discretion in the district court's decision to sentence Sasser to prison for a term of 4 to 10 years, a sentence that is well within the parameters provided by the relevant statute. *See* NRS 200.380(2) (providing that a person who is convicted of a robbery, "shall be punished by imprisonment . . . for a minimum term of not less than 2 years and a maximum term of not more than 15 years.").[9]

## *CONCLUSION*

Although a defendant's PSI is only one of many different considerations that the district court will evaluate when determining a defendant's sentence, *Stockmeier* gives a defendant the right to object to

---

[9]Further, it is important to note that the PSI is only one of many different considerations that the district court uses when determining the appropriate sentence for a defendant. For example, the district court should also consider the arguments from each party during sentencing.

SUPREME COURT
OF
NEVADA

(O) 1947A

factual errors in the PSI, so long as he or she objects before sentencing, and allows the district court to strike information that is based on "impalpable or highly suspect evidence." 127 Nev. at ___, 255 P.3d at 213 (internal quotation marks omitted). The district court then has the discretion to amend the PSI itself, return it to P&P for amending, or amend it in the judgment of conviction. Accordingly, we affirm Sasser's judgment of conviction.[10]

_____, C.J.
Gibbons

We concur:

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[10]We have considered the parties' remaining arguments and conclude they are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A