An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DION LIGON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62456

**FILED**

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal of a judgment of conviction, pursuant to a guilty plea, of attempted sexual assault with the use of a deadly weapon, first-degree kidnapping with the use of a deadly weapon, and impersonating an officer. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant Dion Ligon contends that the district court erred in denying his request to have the Department of Parole and Probation (Department) amend his presentence investigation report (PSI) prior to sentencing. He contends that the Department failed to include information about his background in the PSI because the interviewer indicated that Ligon refused to speak with her when he insisted he wanted his counsel present. He asserts that the failure to include that information affects his sentencing, prison classification, and future parole hearings. He further contends that the district court failed to order the Department to correct the inclusion of highly suspect evidence regarding gang affiliation. We discern no abuse of discretion. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009) (reviewing sentencing determination for abuse of discretion). The Department afforded Ligon an

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31068

opportunity to make a statement during his interview and he declined, insisting on the presence of counsel. However, Ligon was not entitled to the assistance of counsel during the presentence interview. *See Baumann v. United States*, 692 F.2d 565, 578 (9th Cir. 1982) (holding that the presentence interview in a noncapital case was not a critical stage of the proceedings necessitating the assistance of counsel). *But see United States v. Herrera-Figueroa*, 918 F.2d 1430, 1431, 1433 (9th Cir. 1990) (applying its supervisory power, the court held that the probation officer must honor a request by a defendant that counsel be present at the interview). Further, the district court provided Ligon the opportunity to bring relevant information to its attention at the sentencing hearing. Although the PSI did not contain the information that Ligon wanted it to contain, he did not demonstrate that it contained impalpable or highly suspect evidence. *See Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. ___, ___, 255 P.3d 209, 213 (2011) ("[T]he PSI must not include information based on 'impalpable or highly suspect evidence.'" (quoting *Goodson v. State*, 98 Nev. 493, 495-96, 654 P.2d 1006, 1007 (1982))). As to his assertion regarding the allegation of gang affiliation, the record does not indicate that the district court based its sentencing decision on this allegation. *See Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976) (noting that this court will refrain from interfering with a sentence "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported

only by impalpable or highly suspect evidence"). Accordingly, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jerome T. Tao, District Judge
       Legal Resource Group
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk