An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENJUAN MCDANIEL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65879

**FILED**

JUL 3 1 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of robbery and conspiracy to commit robbery. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

When appellant Kenjuan McDaniel was 15 years old, he and five other individuals robbed and battered three teenagers at a high school. McDaniel was certified to be tried as an adult and was found competent to stand trial. He later pleaded guilty to conspiracy to commit robbery. McDaniel now appeals his sentence and contends that (1) the district court abused its discretion by refusing to appoint a guardian ad litem on McDaniel's behalf, (2) his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, and (3) the district court abused its discretion by basing McDaniel's sentencing on highly suspect or impalpable evidence.[1]

---

[1]McDaniel also contends that his due process rights were violated when the district court evaluated his competency using a standard not tailored to juveniles. McDaniel, however, failed to raise this issue below and therefore has waived this issue on appeal. *See McKenna v. State*, 114 Nev. 1044, 1054, 968 P.2d 739, 746 (1998) ("Where a defendant fails to present an argument below and the district court has not considered its merit, we will not consider it on appeal.").

SUPREME COURT
OF
NEVADA

(O) 1947A

15-23136

*The district court did not abuse its discretion by not appointing a guardian ad litem for McDaniel*

McDaniel argues that because he was an infant at the time of his trial, the district court abused its discretion by failing to appoint a guardian ad litem.[2]

"Any court of competent jurisdiction may appoint . . . [g]uardians ad litem." NRS 159.0487(5). Although there are no statutory provisions specifically governing the appointment of a guardian ad litem in Nevada criminal law, Nevada civil law allows for the appointment of a guardian ad litem where the defendant is an infant, insane, or incompetent. *See* NRCP 17(c) ("The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action . . . ."); *see also* NRS 65.010 (indicating that a guardian ad litem is appointed for an infant or insane or incompetent person); *Baker v. Baker*, 59 Nev. 163, 172, 87 P.2d 800, 803 (1939) (stating that the chief purpose of the guardian ad litem statute is to "protect infants, insane persons, and incompetents"), *modified on other grounds on reh'g*, 59 Nev. 163, 179, 96 P.2d 200, 200-01 (1939).

While McDaniel argues that he should have been appointed a guardian ad litem, and civil law permits courts to appoint one for an infant, insane, or incompetent person, *see* NRCP 17(c); *see also* 65.010, no

_____

[2]McDaniel's attorney contends that she requested to withdraw as counsel and be appointed as guardian ad litem. However, the record does not show that McDaniel's attorney attempted to withdraw as counsel and/or be appointed guardian ad litem or that the district court ruled on such a motion.

such analogue exists in Nevada criminal law. Therefore, the district court did not abuse its discretion when it failed to appoint one in this case.

*McDaniel's sentence was not cruel and unusual*

"A sentence does not constitute cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979).

Here, McDaniel pleaded guilty to robbery and conspiracy to commit robbery and received a sentence that was within the statutory parameters for those crimes. Because McDaniel's sentence does not shock the conscience, it does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.

*The district court did not abuse its discretion by relying on highly suspect or impalpable evidence during sentencing*

"[A]n abuse of discretion will be found when the defendant's sentence is prejudiced from consideration of information or accusations founded on impalpable or highly suspect evidence." *Goodson v. State*, 98 Nev. 493, 495-96, 654 P.2d 1006, 1007 (1982).

In sentencing McDaniel, the district court relied on evidence that included statements made to police by eyewitnesses that supported a finding that McDaniel used a gun in the commission of the crimes. Because McDaniel has not demonstrated that these statements are highly suspect or impalpable, the district court did not abuse its discretion by relying on them during sentencing.

*Conclusion*

McDaniel failed to demonstrate that his due process rights were violated or that the district court abused its discretion. We therefore ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Eighth Judicial District Court Dept. 15
Law Office of Kristina Wildeveld
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk