**132 Nev., Advance Opinion 50**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LERON TERRELL BLANKENSHIP, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 66118 |
| FERNANDO BRIONES, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 66944 |

**FILED**

JUL 21 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeals from separate district court judgments of conviction, pursuant to guilty pleas, in Docket No. 66118, of destroying or injuring real or personal property of another, Second Judicial District Court, Washoe County; Patrick Flanagan, Judge; and in Docket No. 66944 of burglary, Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

*Conviction affirmed, sentence vacated, and remanded with instructions (Docket No. 66118); conviction affirmed (Docket No. 66944).*

Jeremy T. Bosler, Public Defender, John Reese Petty, Chief Deputy Public Defender, and Evelyn A. Grosenick, Deputy Public Defender, Washoe County,
for Appellants Leron Terrell Blankenship and Fernando Briones.

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Terrence P. McCarthy, Chief Deputy District Attorney, Washoe County,
for Respondents.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, HARDESTY, J.:

The Division of Parole and Probation (the Division) makes sentencing recommendations to district courts in a Presentence Investigation Report (PSI). In making its sentencing recommendations, the Division uses a Probation Success Probability (PSP) form that scores 35 factors. The total score places the defendant within a range of sentences on a Sentence Recommendation Selection Scale (Sentencing Scale) and provides the basis for the sentence recommendation in the PSI. In these appeals, we consider whether scoring errors in the defendants' PSPs amounted to impalpable or highly suspect evidence that caused improper placement of these defendants in the Sentencing Scales and adversely influenced the Division's sentencing recommendations in the PSIs.[1]

In Docket No. 66118, we conclude that the PSP failed to properly account for the defendant's mental disabilities in scoring his ability to be employed, and, as a result, the PSI recommendation was in error. Furthermore, the defendant's sentence was prejudiced because the district court did not correct the errors in the PSP prior to sentencing and implicitly relied upon them. Thus, we conclude the district court abused its sentencing discretion by relying on impalpable and highly suspect evidence, and we remand for a new sentencing hearing.

_____

[1]Given the overlapping issues, we consolidate these appeals for disposition. *See* NRAP 3(b).

In Docket No. 66944, we conclude that it was not error for the PSI sentencing recommendation to deviate above the Sentencing Scale calculation because the Division had a rational basis to make an upward adjustment to the recommended sentence. Additionally, the defendant's sentence was not prejudiced by potential errors because the district court expressly disclaimed reliance on the PSI recommendation, reaching an independent sentencing decision.

## FACTS AND PROCEDURAL HISTORY

*Factual and procedural history regarding Docket No. 66118*

Appellant Leron Blankenship and his wife rented an apartment in Sparks, Nevada, in a complex owned by Douglas Carling. Following a dispute between Blankenship and Carling, Blankenship moved out of the apartment without informing Carling. Carling inspected the apartment the next day and discovered damages to the interior of the apartment totaling approximately $7,600.

Carling filed a police report with the Sparks Police Department. Blankenship was arrested and charged with a felony—destroying or injuring real or personal property of another amounting to $5,000 or more pursuant to NRS 193.155 and NRS 206.310.

Blankenship pleaded guilty, and the State agreed to concur in the Division's sentencing recommendation. In calculating Blankenship's PSP score to determine his placement on the Sentencing Scale, the Division found Blankenship unemployable with no employment history. As a result, Blankenship's overall PSP score was 60, 6 points lower than a continuously employed individual. If he had received the additional six points, he would have been placed in the probation recommendation range on the Sentencing Scale. Instead, a score of 60 placed him in the

borderline range between prison and probation, and the Division recommended a sentence of 12-32 months in prison in the PSI.

At sentencing, Blankenship objected to the PSP conclusion that he was unemployable with a nonexistent employment history. Blankenship informed the district court that he had been diagnosed with bipolar disorder and paranoid schizophrenia and that he has been receiving Social Security disability due to these mental health conditions since 2003. He argued that the PSP and Sentencing Scale produced impalpable or highly suspect evidence by failing to take into account his mental disabilities and improperly characterized him as unemployed resulting in a recommendation for prison instead of probation.

The district court did not resolve Blankenship's objections to the PSP or PSI prior to sentencing him. The district court followed the PSI, sentencing Blankenship to prison for a term of 12-32 months and ordering him to pay $3,150 in restitution.

*Factual and procedural history regarding Docket No. 66944*

Appellant Fernando Briones served a five-year prison term in Susanville, California. Upon being released, he was transported to downtown Reno, Nevada, left with $200 and thereafter resumed drug and alcohol use. After being in Reno for 26 days, he used a rock to break a car window, stole approximately $2 in change, and was later arrested on burglary charges. Prior to this arrest, he had been convicted 11 times, imprisoned 6 times, had probation granted and revoked 1 time, and had each of his 10 parole opportunities revoked.

Briones pleaded guilty to the charges, and the State reserved the right to argue for an appropriate sentence. The overall PSP score placed Briones in a category on the Sentencing Scale that recommended

prison. His raw score was calculated to be 21, which led to a Sentencing Scale calculation of 16-72 months. However, the Division recommended in the PSI that Briones be incarcerated for 48-120 months.

At the sentencing hearing, Briones requested probation or a prison term of 12-30 months. Briones objected to the PSI recommendation because he believed the discrepancy between the Sentencing Scale calculation and the PSI recommendation was due to the Division unlawfully considering subjective criteria. Briones' attorney stated that the PSI author had indicated in a prior discussion that "there were no specific guidelines for" the Division to follow when making a recommendation.

The district court addressed these objections on the record but found that Briones' extensive criminal history warranted a sentence of 48-120 months in prison. Although the sentence is the same as that recommended in the PSI, the district court expressly noted that it was not bound by the PSI's recommendation and the sentence was "based on [the district court's] independent determination that [48-120 months] is the appropriate sentence."

## DISCUSSION

On appeal, Blankenship argues that the Division's PSI recommendation[2] relied on calculations within the PSP, which constituted

---

[2]The State argues that Blankenship waived his arguments as to the validity of the PSI because he never moved to strike the PSI in district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). However, Blankenship did object to the PSP in district court, and we thus conclude that the issue has been preserved for appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

impalpable and highly suspect evidence. As a part of this argument, he contends that the PSP failed to score his mental disabilities and unlawfully penalized him for being unemployed without an employment history. Briones argues that his PSI constituted impalpable or highly suspect evidence because the Division subjectively increased its PSI recommendation beyond the Sentencing Scale calculation.[3]

To resolve these appeals, we first generally examine the statutory scheme pertaining to sentencing recommendations and look at the forms the Division generates to assist in formulating its sentencing recommendations—the PSP and the Sentencing Scales. We then consider whether the information in the PSPs and PSIs in these appeals amounted to impalpable or highly suspect evidence and whether the district courts abused their discretion in sentencing Blankenship and Briones by relying on the impalpable or highly suspect evidence.

*The statutory scheme regarding the Division's sentencing recommendations*

Pursuant to NRS 176.135(1), the Division must "prepare a PSI to be used at sentencing for any defendant who pleads guilty to or is found guilty of a felony." *Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. 243, 248, 255 P.3d 209, 212 (2011). "A PSI contains information about the defendant's prior criminal record, the circumstances affecting the

---

[3]Briones also contends that the district court's sentence was arbitrary and capricious because the district court focused on the potential that Briones could qualify as a habitual criminal. While the district court did state that Briones would qualify as a habitual criminal, the district court did not adjudicate Briones a habitual criminal. Instead, the district court was simply commenting on Briones' extensive criminal history. This consideration is clearly within the district court's discretion. *Parrish v. State*, 116 Nev. 982, 988, 12 P.3d 953, 957 (2000) ("[T]he district court is afforded wide discretion when sentencing a defendant.").

defendant's behavior and the offense, and the impact of the offense on the victim." *Id.* at 248, 255 P.3d at 212-13. Additionally, a PSI must contain "[a] recommendation of a minimum term and a maximum term of imprisonment or other term of imprisonment authorized by statute, or a fine, or both." NRS 176.145(1)(g). The PSI may also include "any additional information that [the Division] believes may be helpful in imposing a sentence, in granting probation or in correctional treatment." NRS 176.145(2).

When considering whether to recommend probation or prison, NRS 213.10988(1) obligates the Chief Parole and Probation Officer to adopt "standards to assist him or her in formulating a recommendation . . . . The standards must be based upon objective criteria for determining the person's probability of success on parole or probation." Pursuant to NRS 213.10988(1)'s grant of regulatory authority, the Division adopted NAC 213.590, creating 27 objective factors that should be considered when preparing a PSP.

NRS 213.10988(2) permits the Division Chief to "first consider all factors which are relevant in determining the probability that a convicted person will live and remain at liberty without violating the law." Furthermore, NRS 213.10988(3) requires the Division Chief to "adjust the standards to provide a recommendation of greater punishment for a convicted person who has a history of repetitive criminal conduct or who commits a serious crime."

*The sentencing forms*

PSPs are separated into four broad categories—prior criminal history, present offenses, social history, and community impact. These

(O) 1947A


four categories include a total of 35 independent considerations,[4] which are based upon NAC 213.590's 27 objective factors.[5] Notably, none of the 35 considerations or the 27 factors take into account a defendant's mental disabilities. The 35 considerations are independently scored in the PSP, using a separate form to guide the Division when assigning points (the Scoring Sheet). The points assigned to the 35 considerations are then added to arrive at an overall PSP score. Overall scores below 55 result in an automatic recommendation of prison, scores ranging between 55 and 64 are considered borderline, and scores above 64 allow for a recommendation of probation. When an overall PSP score warrants a recommendation of prison or when the Division decides to recommend prison for a borderline candidate, a raw score is computed consisting of the scores from the considerations in the prior criminal history and the present offense categories. The raw score is translated into a sentencing range using the Sentencing Scale. NAC 213.600.

---

[4]The prior criminal history category has ten considerations: felony convictions, misdemeanor convictions, pending unrelated cases, subsequent criminal history, prior incarcerations, juvenile commitments, number of years free of conviction, prior formal supervision, and criminal patterns. The present offense category has ten considerations: circumstances of arrest, type of offense, psychological or medical impact on victim, weapon, controlled substances, sophistication/premeditation, plea bargain benefits, financial impact, co-offender, and motive. The social history category has seven considerations: age, employment/program, financial, employability, family situation, education, and military. The community impact category has eight considerations: commitment/ties, program participation, honesty/cooperation, attitude/supervision, resource availability, substance drug, substance alcohol, and attitude/offense.

[5]NAC 213.590 and its companion, NAC 213.600, are currently under review and may be deleted from the Nevada Administrative Code.

 

"[A] defendant [has] the right to object to factual [or methodological] errors in [sentencing forms], so long as he or she objects before sentencing, and allows the district court to strike information that is based on 'impalpable or highly suspect evidence.'" *Sasser v. State*, 130 Nev., Adv. Op. 41, 324 P.3d 1221, 1226 (2014) (quoting *Stockmeier*, 127 Nev. at 248, 255 P.3d at 213 (internal quotations omitted)). "[I]t is clear that 'any objections [that the defendant has] must be resolved prior to sentencing.'" *Id.* at 1223 (alteration in original) (quoting *Stockmeier*, 127 Nev. at 250, 255 P.3d at 214).

In *Goodson v. State*, the defendant objected to a "disputed portion" of the PSI used by the district court at sentencing. 98 Nev. 493, 495, 654 P.2d 1006, 1007 (1982). "This court recognize[d] the discretion vested in the district court with regard to imposing sentence[s] on the criminals before it." *Id.* However, we concluded that "an abuse of discretion will be found when the defendant's sentence is prejudiced from consideration of information or accusations founded on impalpable or highly suspect evidence." *Id.* at 495-96, 654 P.2d at 1007; *see also Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976) ("So long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence, this court will refrain from interfering with the sentence imposed.").

Accordingly, to decide whether any errors in Blankenship's and Briones' sentencing forms provide a basis for new sentencing hearings, we must determine (1) whether those errors constituted impalpable or highly suspect evidence, and (2) if so, whether prejudice

resulted from the district court's consideration of information founded upon such evidence.

*Blankenship's sentencing forms*

Blankenship argues that the PSP and PSI penalized him for having bipolar disorder and paranoid schizophrenia, which prevented him from working, because he was characterized as unemployed with a nonexistent work history. NRS 176.145(1)(b) states that a PSI "must contain . . . [i]nformation concerning . . . the circumstances affecting the defendant's behavior." NRS 213.10988(2) provides that when creating standards for sentencing forms, the Division Chief must "first consider all factors which are relevant in determining the probability that a convicted person" will violate the law if granted probation.

Undoubtedly, a mental disability affects a defendant's behavior and is relevant when weighing recidivism probability. *See, e.g.*, *People v. Watters*, 595 N.E.2d 1369, 1379 (Ill. App. Ct. 1992) (recognizing that a disability is a significant mitigating factor in sentencing). Therefore, we conclude that sentencing forms must, at a minimum, include considerations for legitimate mental disabilities and the current PSP categories should not penalize a defendant as a result of a disability.

Because neither NAC 213.590's 27 factors nor the PSP's 35 considerations take into account a defendant's mental disabilities, Blankenship's disabilities were not mitigating factors considered by the Division when it formulated the Sentencing Scale calculation. While the PSI does summarize Blankenship's mental health history, the PSP and Sentencing Scale scoring mechanisms failed to address his disabilities. Thus, this factual reference had no effect on the Division's sentencing recommendation in the PSI. Rather, the record reflects that

 

Blankenship's disabilities actually worked against him. The Scoring Sheet demonstrates that Blankenship was penalized six points in the PSP for being unemployable with a nonexistent work history.

A simple error in a PSP does not constitute impalpable or highly suspect evidence. Rather, the error must be such that it taints the PSI sentencing recommendation considered by the district court.[6] For example, a scoring error in a PSP or Sentencing Scale can taint the PSI's recommendation because the Division's overall recommendation could change from probation to borderline or from borderline to prison; or, just as harmful, the wrong sentencing range could be identified on the Sentencing Scale, causing the Division to recommend a more severe sentence than was justified.

Here, had Blankenship not been penalized six points, he would have scored high enough on the Sentencing Scale to justify a recommendation for probation. Instead, Blankenship was placed in the borderline category, and the Division recommended prison. Accordingly, we conclude that Blankenship's PSI recommendation was tainted as a result of the error, and, therefore, the sentencing forms constituted impalpable or highly suspect evidence.[7]

---

[6]We stress the importance of accurate PSI sentencing recommendations for a number of reasons, including, as in Blankenship's case, the fact that the State may stipulate in a plea agreement to concur with the PSI recommendation, and that same PSI recommendation may later be considered by the Pardons Board.

[7]Blankenship also argues that the PSP subjectively characterized his family situation as being disruptive, and the PSI subjectively characterized his interview with the Division as hostile. We initially note that the Division's consideration of these two factors falls within NAC 213.590(1)(r) and (z). Furthermore, Blankenship failed to call the Division

*continued on next page...*

 

Blankenship's attorney objected to the PSP prior to and during the sentencing hearing because it did not account for his disabilities. The district court did not rule on his objection; rather, the court discussed other justifications for the sentence and then sentenced Blankenship to a term of incarceration consistent with the PSI recommendation. Because we conclude that the sentencing forms constituted impalpable or highly suspect evidence and because the district court failed to rule on the objection, we further conclude the district court abused its discretion when it considered information in the PSI based on that impalpable or highly suspect evidence. *Goodson*, 98 Nev. at 495-96, 654 P.2d at 1007. As such, Blankenship's sentence was prejudiced. We therefore vacate his sentence and remand for resentencing.

*Briones' sentencing forms*

Briones argues that the Division's PSI recommendation was unlawfully elevated beyond the Sentencing Scale calculation. We disagree.

NRS 176.145(1)(g) provides that a PSI must contain a recommended sentencing range but in no way limits the recommendation to what is provided for in a PSP or Sentencing Scale. Additionally, NRS 176.145(2) allows the Division to account for "any additional information

---

*...continued*
employee who created the forms as a witness in the district court proceedings. Had this witness been called, he or she likely would have provided objective facts to sufficiently support the forms' characterizations. *See Objective, Black's Law Dictionary* (10th ed. 2014) (defining "objective" as "based on externally verifiable phenomena, as opposed to an individual's perceptions, feelings, or intentions"). Thus, we conclude that this argument is without merit.

that it believes may be helpful" when reaching a sentencing recommendation. And, NRS 213.10988(3) expressly permits the Division to recommend greater punishment based on repetitive criminal conduct by the defendant. Accordingly, we conclude that the statutes afford the Division some discretion to deviate from the Sentencing Scale calculations in making a sentencing recommendation in the PSI, so long as a rational basis for doing so is sufficiently articulated.

On the bottom of Briones' Sentencing Scale form, the Division indicated that its sentencing recommendation deviated from the Sentencing Scale based on Briones' prior offenses. We conclude that this was a rational basis to deviate from and that Briones' sentencing forms did not constitute impalpable or highly suspect evidence. As a result, we cannot say that Briones' sentence was prejudiced because the district court did not rely on impalpable or highly suspect evidence, and, in fact, the court expressly disclaimed reliance on the PSI sentencing recommendation in reaching its "independent [sentencing] determination."

## CONCLUSION

Based on the foregoing, we confirm Blankenship's judgment of conviction but vacate his sentence and remand his case for a new sentencing hearing. We instruct the district court that, prior to conducting a new sentencing hearing, the PSP, Sentencing Scale, and PSI must be amended to account for and score Blankenship's mental disabilities and their impact on his employability. However, because the

district court in Briones' case did not abuse its sentencing discretion, we affirm his judgment of conviction.

_____, J.
Hardesty

We concur:

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering