# IN THE SUPREME COURT OF THE STATE OF NEVADA

MANUEL CERVANTES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77233

**FILED**

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of sexually motivated coercion.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

After appellant Manuel Cervantes pleaded guilty to a charge of sexually motivated coercion, the district court sentenced him to 28 to 72 months. Cervantes takes issue with the court's deviation from the State's and the Division of Parole and Probation's recommendations for probation. Cervantes also argues that the sentence constitutes cruel and unusual punishment because his mitigating evidence overwhelmingly showed that prison would serve no penal purpose as he could be successful on probation, thus the district court abused its discretion by disregarding the parties' recommendations and the mitigating factors. We disagree.

This court has consistently afforded district courts wide discretion in criminal sentencing decisions, *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009), and will interfere only where the record demonstrates "prejudice resulting from consideration of information or

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

accusations founded on facts supported only by impalpable or highly suspect evidence," *id.* (quoting *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976)). Further, the Eighth Amendment of the United States Constitution does not require strict proportionality between crime and sentence, *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (plurality opinion), and a sentence that is within statutory limits will not be considered cruel and unusual unless the statute assigning punishment is unconstitutional "or the sentence is so unreasonably disproportionate to the offense as to shock the conscience," *Chavez*, 125 Nev. at 348, 213 P.3d at 489 (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 222 (1979)).

Cervantes' sentence is within the statutory range for his offense. *See* NRS 207.190 (defining coercion and the associated penalties); NRS 207.193(6) (defining sexually motivated coercion). Furthermore, the record shows that the district court did not rely on impalpable or highly suspect evidence, but rather considered Cervantes' psychosexual evaluation, arguments by counsel, Cervantes' statement, and the victim's statement. The imposed sentence also does not constitute cruel and unusual punishment as it does not shock the conscience given the circumstances of the crime—digitally penetrating the victim without her consent at a public pool. Finally, no abuse of discretion results from the district court's decision to impose a sentence in excess of that recommended by the Division and the State. *See Collins v. State*, 88 Nev. 168, 171, 494 P.2d 956, 957 (1972) ("A trial court does not abuse its discretion by imposing a sentence in excess of that suggested by the [Division] of Parole and Probation."); *see also Goodson v. State*, 98 Nev. 493, 495, 654 P.2d 1006, 1007 (1982) (same, but regarding the State's recommendation). Thus, we

conclude that the district court did not abuse its discretion in sentencing Cervantes to prison instead of probation. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:    Hon. Douglas Smith, District Judge
Las Vegas Defense Group, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.